Sneed, J.,
delivered the opinion of the Court.
The question in tbis case is, whether a Railroad Company is liable in damages for the wanton and willful tort of its employés, committed upon one who was not a passenger, or connected with the company as a freighter, or otherwise; and if so, whether the company can be held for vindictive damages in such case, or merely for such an amount as will compensate the injury sustained?
The plaintiff was driving his wagon and team along •a public highway which crossed defendant’s road at the town of Dechard, and discovering a train upon the track, stationary, at a little distance from the crossing, when in one hundred feet of the crossing, and wishing to go forward, he asked some acqaintances standing near him, if he would have time to cross before the train started; when one of three persons standing near the engine, dressed like railroad men, but not known as such, replied, “ come on, you will have plenty of time.” The plaintiff thereupon started across, and had crossed one of the side-tracks, and had nearly crossed the other, when one of the persons referred to mounted the cab of the engine, and blew the whistle and made a great noise, from which plaintiff’s horses, then being only twenty or *54 thirty feet from the engine, took instant fright and ran away, breaking the wagon, and injuring slightly both the plaintiff and his horses. The Circuit Judge charged that, “if the engine of defendant was standing still, not on the crossing, but away from it and near it, and the public road was unobstructed, and the agents of defendant told him there was time to cross, and he did start to cross, and when crossing, the engineer, fireman or other person authorized to. control or manage the engine, caused its whistle to blow, its wheel to move and rattle, or to make other-noise by which the plaintiff’s horses became frightened and ran off, then under such a state of facts, if they exist,, the plaintiff would be entitled to recover; and if,, while the plaintiff was crossiug the track under such circumstances, any of the aforesaid noises were made,, with a view to cause the plaintiff injury, or out of a purpose to have sport at his expense, still he would have a right to recover; and in such case you might give exemplary damages or smart-money. If you find that the injury was done wilfully and of purpose, then you can give such additional sum by way of exemplary damage or smart-money, as you may deem just and proper.”
The verdict and judgment were for the plaintiff, and his damages assessed at one thousand dollars. The company has appealed in error. Upon the first proposition involved, there is much diversity of judicial opinion, but we think the Circuit Judge has announced the sounder doctrine. It was the established doctrine of the common law, that the master is not *55 liable for the torts of the servants not committed in the line of the master’s service, or with his assent or ratificaction. This doctrine has been greatly modified as applied to railroad companies, on account of the absolute necessity for more stringent rules for the protection of life and property, against the perils of the steam engine and its capacity for mischief. The corporation in such case can only act through its agents and servants, and having placed under the control of its agents an instrument of so much peril and injury, it is but reasonable that the law should demand of the corporation, the utmost caution in the selection of its agents, and hold it to strict accountability for injuries which befall the citizen for the want of such' caution. It is settled that corporations are liable for torts committed by their agents in discharge of the business of their employment, and within the proper range of such employment: 1 Redfield on Railways, 511. And it is said, that the general principle, that the master is not liable for the willful act of his servant, has no application to railways: Ibid. In regard to them, it seems inadmissible, says the same authority, to excuse them for every act of their servants which is done or claimed to be done wilfully, and which results in injury to some other party, or proves to be illegal, unless directed or ratified by the corporation: Ibid. As a general rule, the company as carriers of freight and passengers are liable for all the acts of .their servants; but for the acts of their servants in regard to strangers as in this case, it is contended, that the company is not liable for the tort of its ser *56 vant committed out of the line of his duty and employment. It is said ins the authority already cited, that by putting its agents in their place, or suffering them to occupy them, the company consent to be bound by their acts; and an engineer or conductor of a railway, while he acts with the instruments which the company places in his hands to be used on their behalf, upon the line of 'their road, is acting instead of the corporation, and his acts will bind the corporation, whether done negligently or cautiously, heedlessly or purposely: Id. 513.
A railroad company would not be liable for the tort of its agent, if such agent step aside from the line of his duty and commits a battery or other tort upon a .stranger, or upon his property. But if in the control of his engine, and while at his post- in the line of his employment he wantonly uses his engine for purposes of sport or malice to another’s injury, then we can see no good reason why the corporation .should not be liable; for in the language of the authority cited, “ he is acting with the instruments which the company has placed in his hands, to be used on their behalf, upon the line of their road: he is acting instead of the corporation, and his acts will bind it, whether done heedlessly or purposely.” The ground on which the master at common law avoided responsibility for the willful acts of his servant, was that they were not done in the course of his employment. If they be so done, the master is liable: Shear. & Redf. Negl., 75. We think there is no error in the charge upon this subject, but the *57 charge should have been more full and explicit upon these points, and in accordance with the doctrines laid down in this opinion.
But this is not a case, we think, in which exemplary damages can be allowed. The act complained of was manifestly done without the defendant’s knowledge or consent, and was the willful and unauthorized act of the servant alone.
In the absence of proof that the company knew of the reckless character of the agent, and thus knowing, still retained him in its employment, we do not think vindictive or exemplary damages allowable. The plaintiff would only be entitled as against the company to a fair and just compensation for the actual injuries sustained. If his action had been against the actual tortfeazor, the rule would be otherwise.
Reverse the judgment and award a new trial.