(48 Misc. Rep. 654)

## WILSON v. COHEN.

(Supreme Court, Appellate Term.   November 29, 1905.)

BILLS AND NOTES—ACTION—FRAUD—EVIDENCE—SUFFICIENCY.

In an action on a note, evidence *held* sufficient to sustain defendant's contention that plaintiff obtained the note by false representations as to the accounts due a business sold to defendant, for the purchase price of which the note was given.

Appeal from City Court of New York.

Action by Isaac Wilson against Morris Cohen.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Karasik & Kotzen, for appellant.

Henry Hoelljes, for respondent.

PER CURIAM.   Plaintiff sues on a promissory note for $900. Defendant denies any consideration for note, and for a separate defense alleges that the note was part payment for the sale of a certain business and outstanding amounts belonging to a corporation of which plaintiff was the principal owner and manager, and that the vendor (said corporation) guarantied, as part of the terms of sale, the payment of all the accounts, which were known and designated as "outstanding accounts," and agreed to compensate and reimburse the defendant for any losses which he might sustain in the collection of said outstanding accounts, and defendant alleged a loss upon such outstanding accounts of over $2,200, which he counterclaimed against plaintiff's demands.   The plaintiff, he claims, obtained the note on the strength of these representations.   The plaintiff denied these allegations.   The defendant practically claims that plaintiff obtained the note by false representations as to the moneys due the concern sold to the defendant, and he sought to counterclaim at least to the extent of the loss upon such accounts. The court dismissed the counterclaim, and held that there was no fraudulent representation by plaintiff, and no defense to plaintiff's claim.   To this ruling and to the refusal of the court to submit any question to the jury, the defendant duly excepted.   By direction of the court the jury found a verdict for plaintiff in the sum of $921. Defendant appeals.

It seems to us that there was some evidence offered tending to sustain the defendant's contention, and an issue was thereby raised that should have been submitted to the jury.   He introduced evidence to show certain representations as to the accounts being good and collectible, true, and correct, and no claims of any kind existing, and that he subsequently discovered that a large number of claims existed against the concern and that there were accounts uncollectible.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

SCOTT, P. J. (concurring). I do not think that the defendant sustained the plea of fraud, except, perhaps, with regard to the Monroe Bank claim. The written representations as to the book accounts are that they are "genuine, bona fide" accounts, and there is nothing to show that they were not. Even if the plaintiff made an additional oral representation that they were collectible, there is no legal evidence that they were not, merely evidence that some of the creditors refused to pay in full. As to the claim of $1,400 against the Monroe Bank, however, the representation is that it was "genuine, bona fide, and correct." There is some evidence that it was not correct, and that the plaintiff knew, or was chargeable with knowledge, thereof. As to the representation that there were no claims against the company, that must, I think, be limited to claims which had been preferred prior to the date of the representation, or, at the very most, to valid, enforceable claims that might be made thereafter. It could not have been intended as a representation, or even guaranty, that no one would ever prefer an unfounded claim.