CAHOON, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*May 26 — June 21, 1893.*

*Railroads: Negligence: Frightening horses: Whistling and blowing off steam: Highway crossings.*

1. The blowing of the whistle of a locomotive as required by sec. 1809, R. S., is not negligence.

2. A railroad company is not liable for injuries caused by horses becoming frightened by the escape of steam from a locomotive, where there was no excessive noise or unusual escape of steam, and it was not blown off wantonly or recklessly.

3. Under sec. 1809, R. S., providing that before crossing any highway the whistle of a locomotive shall be blown eighty rods from such crossing, a locomotive may lawfully turn back and recross a highway before going eighty rods beyond it.

APPEAL from the Circuit Court for *Sauk* County.

Action for personal injuries. The unincorporated hamlet of Lyons lies on the north side of the Baraboo river, in Sauk county, about one and one-fourth miles west of Baraboo. It has four streets running due north and south, named respectively, beginning at the east, Cedar, Walnut, Mulberry, and Pine, the intervening blocks being about 400 feet in length. The defendant's railway traverses the village east and west, and crosses all of these streets at right angles, but has no depot or switches in the village. On the south side of and adjoining the right of way of the defendant, and about fifty feet from its track, a street known as "Oak Street" runs east and west, and all the north and south streets above named connect therewith. Pine street continues south, after crossing Oak street, about 100 feet, and connects with a bridge across Baraboo river. September 12, 1890, plaintiff was driving a horse attached to a road cart south on Mulberry street, intending to cross the railway track, and thence to drive west on

Cahoon vs. Chicago & Northwestern R. Co.

Oak street one block to Pine street, and thence south across the bridge. Before plaintiff reached the railway track, a freight train went west, followed in close proximity by an engine. Plaintiff then crossed the track in safety, and turned west on Oak street. The detached engine proceeded west to a point from eight to twelve rods west of Pine street, where it stopped and commenced to back down to the east. It whistled when it started back, and continued to whistle after crossing Pine street, and steam escaped with considerable noise from the cylinder cocks. A whistling post stood at about the point where the engine started back, and another at a point about midway between Pine and Mulberry streets. At about this last-named point plaintiff met the engine. His horse became frightened at the whistling and escaping steam, and ran south to Pine street, where plaintiff was thrown out and was seriously injured. He brought this action, claiming negligence in the management of the engine, and upon the close of plaintiff's testimony a nonsuit was ordered, and from judgment thereon he appeals.

For the appellant there was a brief by *Grotophorst & Buckley*, attorneys, and *G. Stevens*, of counsel, and oral argument by *J. A. Buckley* and *G. Stevens*.

For the respondent the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

WINSLOW, J. The whistling of the engine was not negligence; on the contrary, it was required by the statute. R. S. sec. 1809. The village of Lyons being unincorporated, the whistle must be blown eighty rods before crossing each of the streets which cross the track. The place where the engine first began to whistle was at or very near the whistling post for Walnut street, and the place where the last whistle was sounded was at or very near the whistling post for Cedar street. The statute absolutely requiring whis-

tling to be done at these points, negligence cannot be predicated thereon.

As to the alleged negligent and excessive escape of steam, the case is very similar to the case of *Abbot v. Kalbus*, 74 Wis. 504, and that case seems decisive of this upon this question. In this case there was no more proof of excessive noise in blowing off steam than in that case, and it was there held there was no proof of unusual escape of steam. The right to operate a railroad includes the right to make the usual noises incident to the movement of its engines and trains, and it is matter of common knowledge that the exhausting of steam from the cylinder cocks is one of the noises very frequently accompanying the movement of engines. Furthermore, there is no evidence from which the jury would be justified in finding that it was done wantonly or recklessly.

It is claimed that the engine could not lawfully stop and move eastward until it had reached a point at least eighty rods west of Pine street, because it must by law whistle eighty rods west of and before crossing Pine street. As aptly said by respondent's counsel, the result of this construction would be that no engine could ever start at a point less than eighty rods from a highway crossing. We cannot indorse such a construction, certainly not in favor of one who is not using the highway crossing, but simply traveling on a parallel highway. The nonsuit was right.

*By the Court.*— Judgment affirmed.