DEWEY, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

| 99 | 455 |
|----|-----|
| 104 | 259 |
| 99 | 455 |
| 105 | 224 |
| 105 | 464 |
| 99 | 455 |
| 110 | ¹467 |

*April 15 — May 3, 1898.*

*Appeal, what reviewed: Railroads, when not liable for frightening horses.*

1. Where the trial court decides there is no evidence to warrant a verdict in plaintiff's favor, and grants a nonsuit or directs a verdict accordingly, the decision will not be disturbed on appeal unless it clearly appears by the record to be wrong.
2. Injuries resulting from the frightening of a horse by the appearance of moving railway cars, trains, or locomotives, or the usual noises or incidents of their ordinary operation, are *damnum absque injuria.*

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action to recover for personal injuries. The complaint states that as plaintiff was traveling on Adams street in the city of Portage, in a buggy drawn by a single horse, approaching defendant's railway track at a point where it intersects or crosses such street, one of defendant's locomotives, in charge of its servants, passed over the crossing, and, after going a short distance beyond it, was brought to a stop; that just as the horse was about to cross the railway track, proceeding quietly and under full control of the driver, the engine being about thirty feet away, defendant's servants, without any warning, carelessly started such engine, causing it suddenly to exhaust steam with a loud noise, and to emit a great volume of smoke and cinders, whereby the horse was frightened, became unmanageable, and suddenly turned and overturned the buggy, causing the injuries complained of. The complaint further states that defendant had a flagman at the crossing, but that he negligently permitted the driver of the horse to approach the place of danger without any warning to him or plaintiff,

and that defendant's servants in charge of the engine knew of the situation of the horse at the time they started it. The evidence tended to show that the engine was moving away from the crossing when the accident happened; that it passed over the crossing as the horse approached, and stopped for a legitimate purpose; that it was started up slowly and without any unusual noise; that smoke and steam, naturally emitted by the operation of starting the engine, were carried by the wind towards the horse, causing him to become suddenly uncontrollable, and to turn and overturn the buggy, injuring plaintiff as alleged. At the close of the evidence a nonsuit was granted on defendant's motion. Judgment was rendered accordingly in defendant's favor and plaintiff appealed.

The cause was submitted for the appellant on briefs by *Fowler & McNamara*, and for the respondent on the brief of *J. B. Taylor*, attorney, and *Burton Hanson*, of counsel.

MARSHALL, J. This case is ruled by the well-settled principle that where the trial court decides that there is no evidence which will support a verdict in plaintiff's favor, and grants a nonsuit or directs a verdict accordingly, the decision cannot be disturbed on appeal unless the record shows that it was clearly wrong. *Powell v. Ashland I. & S. Co.* 98 Wis. 35.

It appears that the way on which plaintiff was driving when injured was clear as the horse approached the railway track; that the engine was in plain sight some distance from the line of travel, and was about to move westward, away from the crossing, to the knowledge of the driver of the horse. Such being the case there was no occasion for any warning being given by the flagman. Whatever danger existed was as well known to the driver and to plaintiff as to the flagman. Moreover, the danger, of which it was the flagman's duty to warn travelers about to cross the railway

track, i. e. that trains, locomotives, or cars were about to pass, did not exist at all.

The driver testified that when the engine started, it made a slight exhaust or puff, that steam and smoke escaped, but that there was nothing unusual as to noise, smoke, or steam; that there was a strong wind blowing which carried the steam and smoke directly towards the horse, whereby it was frightened and caused to make the movement which threw plaintiff to the ground and injured him; that witness was uncertain just what sound was made, or whether steam came from the cylinder cocks, but said he did not think anything unusual occurred.    Another witness testified that she observed the engine at the instant of the accident; that she saw steam escaping from the lower part of the engine in front, and that it made a pretty loud noise.    Plaintiff testified that steam escaped from the engine back of the cowcatcher with a loud noise; that the wind was blowing very hard from the west. From this, at most, it appears that the engine was started in the ordinary way, and that the exhaust of steam was either into the smoke-stack or through the cylinder cocks, in either case nothing out of the ordinary way of operating a locomotive under the circumstances.    In this we are unable to see any evidence of negligence on the part of defendant's servants.    They had a right to move the engine in pursuit of defendant's business in which they were engaged, and without responsibility on defendant's part for the consequences of any of the ordinary noises which the operation of the engine caused, or such incidents as the ordinary escape of smoke and steam.    If such were not the case, railway companies would be greatly embarrassed in the performance of the duties they owe to the public.    There appears to have been an utter failure to show any excessive or unreasonable blowing off of steam, or any unusual noise, or anything not ordinarily attendant upon the usual movements of a locomotive.    That where injuries result from the frightening of·

horses by the sight of moving cars, trains, or locomotives, or the usual noises or incidents of their ordinary operation, there is no liability on the part of the railway company, is firmly established and recognized as the law. *Abbot v. Kalbus*, 74 Wis. 504; *Cahoon v. C. & N. W. R. Co.* 85 Wis. 570; *Flaherty v. Harrison*, 98 Wis. 559; Elliott, R. R. § 1264, and numerous cases cited.

*By the Court.*— The judgment is affirmed.