CROWLEY, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*May 11—June 10, 1904.*

*Railroads: Stopping train across street: Municipal ordinance: Injury to traveler: Noise of locomotive: Appeal: Matters reviewed.*

1. To allow a train to stand on one street, not obstructing travel thereon, but with its head end reaching slightly into a cross street, was not a violation of a city ordinance prohibiting the stopping of any train "across any street" for longer than a certain time.

2. A railway company is not liable for the consequences of such noises on or near public streets, made by its locomotives or trains, as are incident to their operation.

3. A ground of liability not pleaded or considered in the trial court cannot be considered on appeal from a judgment of nonsuit.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action for compensation for personal injuries. This is the substance of the complaint: There is an ordinance of the city of Chippewa Falls, Wisconsin, prohibiting railway companies from permitting any locomotive to stand or remain across any street or alley therein, except a sufficient time to couple and separate cars, not exceeding five minutes. December 15, 1902, defendant wilfully violated such ordinance by unnecessarily permitting one of its locomotives to remain

on Canal street at its intersection with A street for about half
an hour, thereby obstructing the latter and rendering it unsafe
for public travel. In such situation plaintiff, while lawfully
using such streets for travel, riding on a load of wood drawn
by a team of horses, in passing from A street to and along
Canal street, was compelled to drive around the head of de-
fendant's train. While he was doing so, exercising ordinary
care, defendant wilfully and negligently permitted steam to
escape from its locomotive, which frightened plaintiff's horses,
causing them to jump sideways, to tip over his load and
thereby throw him to the ground, seriously injuring him.
Damages were claimed in the sum of $2,500.

Defendant put in issue the allegations of the complaint
as to its having been negligent, and pleaded contributory neg-
ligence.

At the close of plaintiff's evidence defendant's counsel
moved the court for a nonsuit, and the motion was granted.
Judgment was rendered accordingly, from which this appeal
was taken.

*W. M. Bowe,* for the appellant.

For the respondent there was a brief by *Pierce Butler* and
*Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

MARSHALL, J. While the argument of counsel for appel-
lant extends to a somewhat broader field, it seems quite clear
that the only actionable negligence claimed in the complaint
or considered by the trial court upon the evidence is involved
in these two propositions: (1) Did the defendant violate the
ordinance of the city of Chippewa Falls providing that "no
person shall stop or cause to be stopped any train of cars, car
or engine across any street or alley of the city of Chippewa
Falls, except a sufficient time to couple and separate cars, not
exceeding five minutes"? (2) Did the respondent negligently
allow steam to escape from its locomotive while the same was
standing upon the street, thereby frightening appellant's

horses, with which he was traveling thereon, producing the result complained of?

The language of the complaint as regards the alleged violation of the ordinance does not definitely charge that respondent stopped its cars or locomotive across any street, and the evidence is undisputed that it did not do so. The train in question was stopped and allowed to stand for a considerable length of time on Canal street in such a way as not to obstruct public travel thereon, yet so that the head end thereof reached slightly into the cross street, called A street. It was not across A street in any sense of the term. That being the case, it seems that the charge of violating the ordinance entirely failed.

Respecting the charge that steam was negligently allowed to escape from the engine, making a hissing noise, which frightened appellant's horses, no evidence was produced. Appellant testified to an escape of steam from the engine, but said that the noise made was only such as is ordinarily heard when one goes about a locomotive. The law is well settled that a railway company is not liable for the consequences of such noises on or in the vicinity of public streets, made by its locomotives or trains, as are incident to the operation thereof. *Walters v. C., M. & St. P. R. Co.* 104 Wis. 251, 80 N. W. 451; *Dewey v. C., M. & St. P. R. Co.* 99 Wis. 457, 75 N. W. 74; *Cahoon v. C. & N. W. R. Co.* 85 Wis. 572, 55 N. W. 900.

Counsel for appellant seems to freely concede that the law is as above stated, but insists that respondent in this instance, though entitled to use the streets of the city for its railway operations, abused its privilege by leaving its train standing in the street an unnecessary length of time, knowing it was liable to frighten horses lawfully there. The trouble with such contention is that no such ground of liability was pleaded. Evidently, neither the trial court nor respondent's counsel regarded any question at issue below other than those

to which we have alluded. In this view of the case the non-suit was properly granted, and the judgment appealed from must be affirmed.

*By the Court.*—So ordered.