EICHMAN, Respondent, vs. BUCHHEIT, Appellant.

*April 19—May 8, 1906.*

*Municipal corporations: Automobiles: Ordinance limiting speed: Reasonableness: "Crossings:" Injury resulting from ordinary noises of machine: Instructions to jury: Burden of proof: Preponderance of evidence: Proximate cause: Charge should be written out.*

1. A municipal ordinance limiting the speed of automobiles within a radius of half a mile from a certain bridge is not invalid because it fails to provide for establishing or marking in any way the limits of such district so that a driver will know when he reaches it.

2. In an ordinance regulating the use of automobiles upon the streets of a city and limiting the speed to six miles per hour between crossings and four miles an hour at crossings, the word "crossings" plainly refers to street crossings.

3. The speed permitted by such ordinance is not unreasonably low.

4. A charge to the jury confusing burden of proof and preponderance of evidence, and stating that if, after considering all the testi-

mony, the jury are *inclined to the opinion* that plaintiff is entitled to recover, then he has established his claim by a preponderance of the testimony, is *held* prejudicially erroneous.

5. A charge defining proximate cause as "the efficient cause from which the injury follows in unbroken sequence without any intervening cause to break the continuity," is erroneous.

6. Reduction of the charge to writing before giving it to the jury, in order to avoid the looseness of construction, repetition, and inaccuracy of statement inevitable in an oral charge, is strongly urged.

7. For an injury resulting from the ordinary noises or the appearance of an automobile, not caused by its excessive speed, there can be no recovery.

APPEAL from a judgment of the county court of Jefferson county: GEORGE GRIMM, Judge. *Reversed.*

This is an action to recover for personal injuries. The plaintiff's evidence tended to show that on September 30, 1904, at a little after 6 o'clock p. m., he was riding south on Third street in the city of Watertown in a milk wagon drawn by one horse driven by himself; that two other men sat on the same seat with him; and that as he arrived near the intersection of Milwaukee street an automobile, driven by the defendant, approached, going north at a speed of about ten miles an hour; and that the plaintiff's horse jumped to the right, and the plaintiff fell out of the wagon, striking on his shoulder and injuring him. An ordinance of the city of Watertown was offered in evidence which provides that no automobile should be driven faster than six miles an hour in the city of Watertown within a radius of half a mile of Main street bridge, and should slow down to four miles an hour at crossings. It was also proven that the place where the accident happened was within the prescribed half-mile limit. The defendant denied that he was driving the auto at the time in question, and denied that its speed at that time exceeded four miles an hour, and made the claim that the plaintiff was guilty of contributory negligence.

The jury found a general verdict for the plaintiff, and assessed his damages at $321.50, and answered three special questions submitted to them by the court, as follows: *Q.* Was the defendant guilty of negligence which caused the injury? *A.* Yes. *Q.* What was the proximate cause of the injury? *A.* High speed and sudden approach of automobile. *Q.* Was the plaintiff guilty of negligence which contributed to the injury? *A.* No. A motion to set aside the verdict and for a new trial was overruled, and judgment on the verdict was rendered for the plaintiff, and the defendant appealed.

*Harlow Pease* and *Gustav Buchheit,* for the appellant.

*R. B. Kirkland,* for the respondent.

WINSLOW, J. The appellant attacks the validity of the ordinance limiting the speed of automobiles in the city of Watertown, on the ground that it is uncertain and unreasonable; uncertain, because no provision is made for establishing or marking in any way the limits of the district so that the driver will know when he reaches the half-mile radius, and because there is nothing to show whether the word "crossings" means highway crossings or railroad crossings; and unreasonable, because the limit of speed is an unreasonably low rate. In our judgment these objections are not well founded, and we shall devote little time to them. It has generally been deemed wise for cities to limit by ordinance the rate of speed by vehicles upon its streets, in the interest of public safety. We do not deem it necessary for the municipality to erect signs at the city limits or elsewhere to inform the traveler at what point the area of limited speed begins, nor do we think that the word "crossings" can be reasonably considered uncertain in its meaning. The ordinance is an ordinance to regulate the use of automobiles upon the "streets" of the city, and the word "crossings" plainly refers to street crossings, where the danger resulting from high speed

is the greatest. We cannot say that a speed of six miles per hour between crossings and four miles an hour at crossings is unreasonably low.

There are, however, two very palpable errors in the instructions given to the jury which must result in reversal of this case. After charging the jury that the burden of proof was on the plaintiff to convince them by a preponderance of the testimony of the material facts necessary to establish his right of recovery, and that preponderance of the testimony means that testimony which weighs heaviest in their minds, the trial judge proceeded further to say:

"If, after a consideration of all the testimony, you are inclined to the opinion that under these instructions of the court the plaintiff is entitled to recover, then the testimony preponderates in his favor, and he has established his claim by a preponderance of the testimony."

It is very evident that by this sentence the whole matter of burden of proof and preponderance of evidence is plunged into inextricable confusion. The jury are here told in effect that preponderance of evidence and burden of proof mean the same thing; and not only this, but that if they are *inclined to the opinion* that the plaintiff is entitled to recover, then the plaintiff has not only produced the preponderance of evidence, but also has discharged his duty as to the burden of proof. The error is plain and must have been prejudicial. Preponderance of evidence and burden of proof are not the same thing, although they run into each other. By preponderance of evidence is meant the evidence which possesses greater weight or convincing power; by burden of proof is meant the duty resting on the party having the affirmative of the issue to satisfy or convince the minds of the jury, by the preponderance of the evidence, of the truth of his contention. It is not enough that his evidence is of slightly greater weight or convincing power; it must go further, and satisfy or convince the minds of the jury, before the burden of proof is

discharged. *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077, and cases cited.

The trial judge charged the jury as to proximate cause as follows:

"The proximate cause is the efficient cause from which the injury follows in unbroken sequence without any intervening cause to break the continuity."

The correct definition of proximate cause has been so frequently given by this court in recent years that an inaccurate definition now seems hardly excusable. *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 286, 72 N. W. 735; *Feldschneider v. Chicago, M. & St. P. R. Co.* 122 Wis. 423, 99 N. W. 1034. The definition given by the trial judge was incorrect, and has been frequently condemned by this court.

The trial judge charged the jury in one part of his charge as follows: "The speed of the automobile alone cannot be made the foundation of an action for damages." A few sentences later he charged as follows: "If you should find that it was any other reason than his [defendant's] excessive speed which caused the horse to shy and the injury to happen, then the plaintiff cannot recover." What basis there was left upon which a verdict for the plaintiff could be given, after these two instructions had been given, it has been impossible for us to see. The jury had been told that there could be no recovery based on speed alone, and then were told that there could be no recovery for any other reason than speed. While this confusion of ideas was prejudicial to the plaintiff rather than to the defendant, it is deemed proper to notice it here because it emphasizes very sharply the danger of attempting to charge a jury orally. It was stated on the argument that the charge in this case was an oral charge, and its looseness and contradictory character bear very convincing evidence that such was the fact. The office of the charge is to state clearly and concisely to the jury the issues of fact, and the principles of law which are necessary to enable them to rightly

solve those issues. The *desideratum* is that the issues be stated clearly, and the law applicable to each issue be stated logically and concisely, without unnecessary repetition and in such terms that a layman can understand it. Few men, however great their ability, possess minds so clear and comprehensive that they can orally enunciate the legal propositions applicable to an important case with the clearness and exactness which a charge should have. The writer of this opinion has had some experience in this field, and does not speak upon mere theory. There will infallibly be more or less of looseness of construction, of repetition, and inaccuracy of statement in an oral charge, all of which may be avoided by reducing the charge to writing. The litigant is frequently unable to take the case further than the trial court; for him it is the court of last resort; and hence he is entitled to ask in all confidence that the trial judge shall give the case his best thought and utmost effort to submit it to the jury in clear terms, and in accordance with the law as he finds it. In a case involving serious questions of law this can only be done by means of a carefully written charge, and we cannot urge this course upon trial courts too strongly.

It was argued in the present case that the evidence showed that the fright of the horse was caused by the noise of the automobile or the sound of the horn, and not by the excessive speed, if there was excessive speed, and that hence the speed could not be found to be the proximate cause of the injury. We do not find it necessary to pass upon this question now. Of course, the plaintiff must show, in order to recover, that the excessive speed was the proximate cause of his injury; *i. e.* that the fright of the horse was caused by the excessive speed as a natural and probable result, which result or some injurious result should have been anticipated by the defendant under the circumstances. If the horse was frightened by the ordinary noise made by the automobile which was not greater or different than the noise made when propelled at

legal speed, or by the mere appearance of the automobile, there can be no recovery, for the reason that the excessive speed was not the proximate cause, and there can be no liability for injury resulting from the ordinary noises or the appearance of the machine not caused by its excessive speed. The making of such noises is not negligence. *Cahoon v. Chicago & N. W. R. Co.* 85 Wis. 570, 55 N. W. 900.

*By the Court.*—Judgment reversed, and action remanded for a new trial.