FAY, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*April 15—April 30, 1907.*

*Railroads: Negligence: Leaving engine standing in highway: Injury to traveler: Contributory negligence.*

Defendant left its locomotive standing partly within the limits of a highway, unattended and under a full head of steam, for an unnecessary and unreasonable length of time. As plaintiff attempted to drive past it the pop valve suddenly opened and steam escaped with considerable noise, causing his horse to run away and injure him. The jury found that defendant was negligent in so leaving the engine and that such negligence was the proximate cause of the injury. *Held*, that defendant was liable for the injury. The fright of the horse in such case was not caused by one of the usual noises incident to the ordinary operation of a railway. *Crowley v. C., St. P., M. & O. R. Co.* 122 Wis. 287, distinguished.

2. It is not negligence as matter of law for a person to attempt to drive on a highway across a railway track in front of a locomotive standing still thereon.

APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries suffered by the plaintiff by reason of being thrown from his buggy. The evidence disclosed the following facts: Keller avenue is the main highway in the village of Amery, Polk county, and runs north and south. The defendant's railroad crosses the highway at right angles. At the point of crossing the highway is thirty-two feet in width and planked for its entire width. The defendant's station and yards are just east of the highway. At about 7 o'clock p. m. on the 30th day of May, 1905, a freight train from the east came into the village on defendant's railroad, and after doing some switching the engine was brought to a standstill at the east side of Keller avenue headed west. The plaintiff's testimony tended to show that the front of the engine projected into the street from six

to ten feet. The engine stood at this place for some time, variously estimated at from fifteen or twenty minutes to half an hour. There was evidence tending to show that it was unattended during this time and that both engineer and fireman were at a restaurant near by eating their supper, but this was denied by the engineer and fireman. While the engine was so standing the plaintiff approached from the south driving a horse and riding in a light buggy with his partner, one Taylor. He attempted to cross the track in front of the engine, and just as he was crossing the pop valve of the engine opened and steam escaped with considerable noise, and the plaintiff's horse jumped and ran away, throwing him out and injuring him. The jury returned the following special verdict:

"*First.* Did the defendant leave its engine partly upon the highway crossing at the time and place in question? Yes. *Second.* If your answer to question 1 is 'Yes,' then was defendant guilty of any want of ordinary care in so leaving its engine? Yes. *Third.* If your answer to question 2 is 'Yes,' then was such a want of care on the part of the defendant the proximate cause of the injuries complained of? Yes. *Fourth.* Was plaintiff guilty of any want of ordinary care that contributed to produce his injuries? No. *Fifth.* If the court is of the opinion that the plaintiff is entitled to recover, then in what sum do you assess his damages? $500."

Judgment for the plaintiff was entered on this verdict, and the defendant appeals.

For the appellant there was a brief by *F. B. Dorothy,* attorney, and *A. H. Bright,* of counsel, and oral argument by *John B. Sanborn.*

For the respondent there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy.*

WINSLOW, J. A number of errors are assigned, but they all involve the same proposition, namely, that a verdict for the defendant should have been directed because (1) the horse was frightened at one of the usual noises arising in the

Fay v. Minneapolis, St. P. & S. S. M. R. Co. 131 Wis. 639.

course of the operation of a railway, and (2) because the plaintiff was guilty of contributory negligence in attempting to cross in front of the engine. Neither contention can be sustained. The negligence alleged in the complaint was that the engine was left in the highway for an unreasonable length of time while under a full head of steam, and the jury found that it was so left and that such leaving constituted negligence which proximately caused the injury. It is true that it appeared that the horse jumped and ran because of the sudden opening of the pop valve and the consequent escape of steam, and that this is one of the usual incidents of the movement of locomotive engines upon railways. Had this occurred while the engine was being operated in the ordinary transaction of railway business there would doubtless be no liability. *Cahoon v. C. & N. W. R. Co.* 85 Wis. 570, 55 N. W. 900; *Crowley v. C., St. P., M. & O. R. Co.* 122 Wis. 287, 99 N. W. 1016. But the engine was found to be partially upon the public street when the valve opened. The railway company had a right to use the street for legitimate railway purposes, but it had no right to leave its engine or cars standing upon the street for an unnecessary and unreasonable length of time in such condition as to unnecessarily endanger the safety of travelers thereon. *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 325, 14 N. W. 452. This was the act which was claimed and found to be an act of negligence proximately causing the injury. The opening of the valve and the escape of steam was but an incident. It was a thing shown to be likely to happen when the engine is allowed to stand still for a time under a full head of steam. The likelihood that it would happen while the engine was occupying a part of the street and teams were passing was a matter legitimately bearing on the question whether the act of allowing the engine to stand on the street was negligent. The primal act of negligence, however, was logically the unnecessary use of the street as a mere standing place for the engine while it was steamed up and in such

a condition that the opening of the pop valve and the increased probability of the frightening of horses was naturally to be expected. In the *Crowley Case,* above cited, which is somewhat relied upon by appellant, no such ground of liability was pleaded, and for this reason the question here presented was not deemed to be in the case.

As to the alleged contributory negligence, we cannot say that it is contributory negligence as matter of law for a person to attempt to cross in front of a locomotive standing still as the plaintiff did in this case. It was properly a question for the jury. *Bussian v. M., L. S. & W. R. Co., supra; Heer. v. Warren-Scharf A. P. Co.* 118 Wis. 57, 94 N. W. 789.

*By the Court.*—Judgment affirmed.