Look, Respondent, vs. Johnson and others, Receivers, Appellants.

*February 24—March 14, 1916.*

*Street and interurban railways: Negligence of motorman: Unnecessary noises: Frightening horse which was being led from track: Contributory negligence: Questions for jury.*

1. Although under ordinary circumstances the making of the usual noises attendant upon the operation of a car does not constitute negligence, yet in this case the jury were warranted in finding that the motorman of an interurban car was negligent in releasing the air with a loud hissing noise and in blowing the whistle while plaintiff was in the act of leading from the track, only two or three feet in front of the car, a young horse which had been standing partly over the track, harnessed to a wagon which was backed up to the curb—there being evidence that the noises were unnecessary at the time they were made.

2. The plaintiff in such case, who, when the horse reared upon hearing the noises, threw his arms around its neck to keep from being run over and was dragged some distance, cannot be held to have been guilty of contributory negligence as a matter of law merely because, being in a position of surprise and sudden peril, he did not choose the safest means of escape.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover damages for personal injury. About 6 o'clock on the morning of August 2, 1914, plaintiff left his horse and wagon standing on Wells street about sixty feet from its intersection with Fourth street. The wagon was backed up to the curb and the horse stood at an angle facing slightly to the west and partly over the car track. A Chicago-bound interurban car approached from the east· and stopped within two or three feet of the horse. The motorman either blew the whistle or rang the gong to call plaintiff, who was in an adjacent store getting a load of goods to place on the wagon. Plaintiff came out and went to the head of the horse, untied the weight, and asked the motorman to give him time to remove the horse. He took hold of the bridle, and as he started to lead the horse off the track the motorman released the air, causing a loud hissing noise. There is testimony that he blew the whistle and rang the gong also. The horse became frightened and started to run, and plaintiff threw his arms around its neck and was dragged for some distance, receiving the injuries complained of.

The jury found (1) that the motorman sounded the gong in an unusual and unnecessary manner while plaintiff was removing the horse from the track; (2) that the motorman was not guilty of negligence in sounding the·gong in such an unusual and unnecessary manner; (3) that while plaintiff was removing the horse from the track the motorman released the air brake in such a manner as to make an unusual and unnecessary noise; (4) that the motorman was guilty of negligence in releasing the air brake in such a manner as to·make such unusual and unnecessary noise; (5) that such negligence on the part of the·motorman was a proximate cause of plaintiff's injury; (6) that the motorman sounded the whistle on the car in an unusual and unnecessary manner while plaintiff was removing the horse from the track; (7) that the

motorman was guilty of negligence in sounding the whistle in such unusual and unnecessary manner; (8) that such negligence on the part of the motorman was a proximate cause of plaintiff's injury; (9) that no want of ordinary care on the part of the plaintiff proximately contributed to produce his injury; and (10) damages in the sum of $550. From a judgment for plaintiff entered upon the verdict the defendant appealed.

For the appellants there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *George C. Dutcher* and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

VINJE, J.    Defendant takes the broad ground that, assuming plaintiff's evidence to be true, it does not as a matter of law show negligence on its part; that since it is admitted the motorman ran his car to within three feet of the horse standing unattended, sounded the gong and blew the whistle while approaching or close to the horse without his showing any signs of fright, it follows that, even if the gong was sounded, the whistle blown, and the air released while plaintiff was taking the horse across the track, such sounds being usual and ordinary ones made by a car when starting, no negligence is shown, because negligence cannot be predicated upon the usual noises made in the operation of a car, citing *Abbot v. Kalbus,* 74 Wis. 504, 43 N. W. 367; *Cahoon v. C. & N. W. R. Co.* 85 Wis. 570, 55 N. W. 900; *Bishop v. Belle City St. R. Co.* 92 Wis. 139, 65 N. W. 733; *Eastwood v. La Crosse City R. Co.* 94 Wis. 163, 68 N. W. 651; *Gould v. Merrill R. & L. Co.* 139 Wis. 433, 121 N. W. 161; *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360; *Walters v. C., M. & St. P. R. Co.* 104 Wis. 251, 80 N. W. 451; *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636, 98 N. W. 536; *Crowley v. C.,*

*St. P., M. & O. R. Co.* 122 Wis. 287, 99 N. W. 1016; and *Fay v. M., St. P. & S. S. M. R. Co.* 131 Wis. 639, 111 N. W. 683. The motorman's reason for coming so close to the horse before stopping is thus stated by him:

"I came around Second and Wells and I saw the horse there. I was then two blocks away. I drove right up within about three feet of the horse and stopped. He was tied. I didn't stop back about ten feet because the horse was not scared. I drove up to within two feet of the horse to attract the man's attention enough so he would have to come out and get the rig out. That is the reason for going within two feet of the horse's head instead of ten feet, to have this man come out and get his rig out of the way."

While the car was so standing plaintiff came out of the store and went to the horse's head and said to the motorman, "Please, gentleman, give me a little time. I will take off the wagon and take away the horse to the right side and you can get through, because the horse is a young horse." There is evidence to the effect that as soon as plaintiff unhitched the stone weight the air was released with a hissing sound, the whistle blown real loud and shrill and the gong sounded, and the horse became frightened and ran away. Conceding that the evidence does not support the finding that the air was released and the whistle blown in an unusual manner, still there is evidence that such release and blowing were unnecessary and negligent *at the time they were made* because made while the horse was standing so close in front of the car and before time was given plaintiff to remove him. The rule that negligence cannot be predicated upon the usual noises attendant upon the operation of a car is limited to usual and ordinary circumstances. The situation may be such that the release of the air or the blowing of a whistle or premature starting of a car may constitute negligence. Here the situation was at least somewhat unusual. A young horse standing close in front of a car making preparations to start, though not having shown fright at the approaching car, might be-

come frightened upon hearing the release of the air and the sound of the whistle while he was in the act of getting out of the way.   Evidently the jury came to the conclusion that the making of such noises with the horse so close was unnecessary; that the motorman should have allowed plaintiff to take the horse off the track or at least farther away before such sounds were made; and that his failure to do so constituted negligence.   Such conclusion rests upon sufficient facts, and inferences which a jury may legitimately draw therefrom, to render it proof against an attack that it is wrong as a matter of law.   The case is not unlike that of *Heer v. Warren-Scharf A. P. Co.* 118 Wis. 57, 94 N. W. 789, where it was held that it was a question for the jury to determine whether it was negligence to start a steam roller, standing outside the limits of the driveway of a street, at the moment a passing horse is slightly in front of it.

Some claim is made that plaintiff was guilty of contributory negligence as a matter of law because he hung to the neck of the horse instead of to the bridle.   He testified that when the whistle blew and the air was released he had his hand in the bridle ring; that the horse reared and he was afraid he would fall under him and get hurt, so he threw his hands over the neck of the horse to keep from being run over, and held on till he fell off on Fourth street.   He no doubt was and deemed himself in a position of surprise and sudden peril; therefore he cannot be held negligent as a matter of law because he did not choose the safest means of escape. *Bain v. N. P. R. Co.* 120 Wis. 412, 423, 98 N. W. 241, and cases cited.

*By the Court.*—Judgment affirmed.