Coco Cola Bottling Works *v.* Mrs. Willie Brown
*et al.*

(*Nashville.* December Term, 1917.)

1. **HIGHWAYS. Use. Automobiles.**

The general principles applicable to the use of all vehicles upon
public highways apply to automobiles in the absence of special
statutes regulating their use. (*Post, pp.* 644, 645.)

Cases cited and approved: Goodman v. Wilson, 129 Tenn., 464;
Christy v. Elliott, 216 Ill., 31; Indiana Springs Co. v. Brown,
165 Ind., 465; Tudor v. Bowen, 152 N. C., 441; House v. Cramer,
134 Iowa, 374; Lauson v. Fond du Lac, 141 Wis., 57; Weil v.
Kreutzer, 134 Ky., 563.

2. **HIGHWAYS. Use. Automobiles.**

The right of the driver of a horse and that of the driver of a motor
vehicle to use the highway are equal, and each is restricted in
the exercise of his rights by the corresponding rights of the
other. (*Post, pp.* 644, 645.)

3. **HIGHWAYS. Automobiles. Care.**

An automobile operator must keep his machine always under con-
trol so as to avoid collision with other persons using the high-
way, and cannot assume that the road is clear, and, although
he may assume that others will use due care, he is under like
duty with respect to every one else. (*Post, pp.* 644, 645.)

4. **HIGHWAYS. Automobiles. Frightening animals.**

Whenever a person operating an automobile knows, or in the ex-
ercise of ordinary care should know, that his machine is fright-
ening a horse, or, in the situation in which he has left it, is
likely to frighten a horse, he is bound at his peril to exercise due
care to prevent an injury. (*Post, pp.* 645, 646.)

5. **HIGHWAYS. Automobiles. Frightening horse. Evidence.**

Where plaintiff's horse was frightened by noise of an automobile
engine while the car was halted at side of road, intention of

Coca Cola Bottling Works v. Brown.

the operators to eat their lunches while the car was halted during period of twenty minutes could be considered in determining whether they exercise due care. (*Post, pp.* 646, 647.)

6. **HIGHWAYS.** Automobiles. Frightening horse. Gross negligence.

It was gross negligence to leave the motor of an automobile running while the vehicle was stopped just off the roadway at an elevated point, where horses being frightened might cause damage during a period of twenty minutes while the operators were eating their lunch. (*Post, pp.* 646, 647.)

7. **HIGHWAYS.** Automobiles. Frightening horse. Questions for jury. Proximate cause.

Evidence *held* to present question for jury whether noise incident to unnecessary running of motor while automobile was stopped was proximate cause of injury to driver of horse frightened by such noise. (*Post, pp.* 646, 647.)

8. **HIGHWAYS.** Automobiles. Frightening horse. Questions for jury. Due care.

Evidence *held* to present question for the jury whether parking automobile with engine running at narrow elevated point in highway was in the exercise of due care. (*Post, pp.* 646, 647.)

9. **HIGHWAYS.** Automobiles. Frightening horses. Liability.

Noises incident to the proper operation of an automobile are not of themselves evidence of negligence, and, if a horse is frightened at such noises, the operator would not be liable. (*Post, pp.* 646, 647.)

Case cited and approved: Eichman v. Buchheit, 128 Wis., 385.

10. **HIGHWAYS.** Automobiles. Frightening horse. Assumption of risk.

The driver of a horse upon the public road assumes the risk of its taking fright at an automobile when operated properly and with due care. (*Post, p.* 647.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari*

to the Court of Civil Appeals from the Supreme Court.—A. G. RUTHERFORD, Judge.

E. A. PRICE, for the Bottling Works.

BASKERVILLE, COLLIER & McGLOTHLIN and WM. A. GUILD, for defendants in error.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This suit was brought by Mrs. Brown against the plaintiff in error to recover damages for injuries to herself as a result of her horse taking fright at an automobile of plaintiff in error on the Gallatin Pike near Station Camp Creek. It resulted in verdict and judgment for $3,000, which was affirmed by the court of civil appeals, and the case is before us upon petition of the bottling works for *certiorari*.

Plaintiff avers that she was lawfully driving on the pike from Nashville to Gallatin, and, when she was approaching a bridge in the pike across Station Camp Creek about two miles west of Gallatin, she came upon defendant's truck standing on the west side of the bridge on the south side of the pike with its motor running; that the motor was making a loud, unusual, and unnecessary noise, which frightened the plaintiff's horse as she was trying to pass by the truck. It is shown in the proof that the Nashville and Gallatin Pike at this point upon a fill, and the approach to the bridge referred to in the declaration

going from Nashville to Gallatin is about one hundred yards long. There are rocks along the edge of the fill from six to eighteen inches high, but there are no banisters or other protection at any other point except at the bridge along which are rails. The mouth of the bridge is twelve feet wide. The retaining wall of the fill nearest Nashville flared from the bridge so as to make the roadbed about thirty feet wide. The traveled part of the road is not so wide upon leaving the bridge as it is when getting on the pike proper. The pike is about twenty-nine feet wide inside of the walls. The fill is from six to nine feet high. The truck was stopped about twelve feet after it had passed over the bridge and was three or four feet from the retaining wall. The truck was about fifty-five inches wide. So it will be observed that, while the truck was twelve feet from the end of the bridge at a point in the pike about twenty-nine feet wide, to one approaching the bridge at some distance it probably had the appearance of standing at or near the mouth of the bridge and occupied a space almost as wide as the bridge. As said, it was three or four feet from one retaining wall and was fifty-five inches wide, and the bridge was only twelve feet wide, making a clearance space between the right-hand side of the truck and the right-hand rail of the bridge of about forty-one inches.

In this position Mrs. Brown was proceeding on the fill in a buggy driving her horse and approaching the truck going toward Gallatin. Her horse was

reasonably gentle and gave no signs of fright at the automobile. It approached the automobile to within ten or fifteen feet, when it suddenly shied and began to back and knocked Mrs. Brown out of the buggy and over the fill, resulting in serious personal injuries.

The drivers in charge of the truck had stopped it at this place for the purpose of taking their lunch and intended for it to remain fifteen or twenty minutes. As a matter of fact, Mrs. Brown saw the truck when it stopped, and in a very few moments after it stopped the accident occurred. There was plenty of room for the buggy to pass the truck, the truck having been turned out of the usual traveled way in the pike. At the conclusion of plaintiff's testimony and all of the testimony, plaintiff in error moved the court to direct a verdict in its favor, and the question chiefly discussed in the petition for *certiorari* is whether the facts stated make a case of liability.

Automobiles have not been regarded by the courts as dangerous things in the sense that extraordinary care in their operation is required by the law. *Goodman* v. *Wilson*, 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116; 2 R. C. L., p. 1190. The general principles applicable to the use of all vehicles upon public highways apply to automobiles in the absence of special statutes regulating their use. *Christy* v. *Elliott*, 216 Ill., 31, 74 N. E., 1035, 1 L. R. A. (N. S.), 215, 108 Am. St. Rep., 196, 3 Ann. Cas., 487; *Indiana Springs Co.* v. *Brown*, 165 Ind., 465, 74 N. E., 615,

1 L. R. A. (N. S.), 238, 6 Ann. Cas., 656; *Tudor* v. *Bowen,* 152 N. C., 441, 67 S. E., 1015, 30 L. R. A. (N. S.), 804, 136 Am. St. Rep., 836, 21 Ann. Cas., 646. The right of the driver of a horse and that of a driver of a motor vehicle to use the highway is equal, and each is restricted in the exercise of his rights by the corresponding rights of the other. *Indiana Spring Co.* v. *Brown,* supra, and note 1 L. R. A. (N. S.), supra. Like all other questions of negligence, the degree of care required of a driver of an automobile is relative and dependent upon the circumstances of each case. 29 Cyc., 415; *House* v. *Cramer,* 134 Iowa, 374, 112 N. W., 3, 10 L. R. A. (N. S.), 655, 13 Ann. Cas., 461, and note. It is the duty of the operator of an automobile to keep his machine always under control so as to avoid collisions with pedestrians and other persons using the highway. He cannot assume that the road is clear, but he must at all times be vigilant and anticipate and expect the presence of others. *Lauson* v. *Fond du Lac,* 141 Wis., 57, 123 N. W., 629, 135 Am. St. Rep., 30, 25 L. R. A. (N. S.), 40; authorities supra. While he has the right to presume that both pedestrians and others using the highway will use due care, he is under a like duty with respect to every one else, taking in consideration the character of his vehicle. *Weil* v. *Kreutzer,* 134 Ky., 563, 121 S. W., 471, 24 L. R. A. (N. S.), 557, and note.

Hence, whenever a person operating an automobile knows, or in the exercise of ordinary care should

know, that his machine is frightening a horse, or, in the situation in which he has left it, is likely to frighten a horse, he is bound at his peril to exercise due care to prevent an injury. *Indiana Springs Co. v. Brown,* supra.

The operators of the truck in question intended for it to remain at rest fifteen or twenty minutes while they had lunch. It is said for plaintiff in error that their intentions with respect to the truck are not entitled to any weight, because the accident occurred within a few moments after the truck was stopped. But we think the intention of the operators was a proper consideration for the jury in determining whether they were in the exercise of due care. It might not be negligence to leave the engine running when the operator intended to leave the truck at rest for only a short time; but, under all the proof in this case, it would have been gross negligence to leave the motor running fifteen or twenty minutes for the purpose of taking lunch. It was a question properly left to the jury to say whether the noise incident to the unnecessary running of the motor was the proximate cause of the injury, as it was also properly left to the jury to say whether the parking of the truck at this particular place in view of the *locus in quo* was the exercise of due care. Mrs. Brown says that she did not hear the motor until just at the time the horse took fright, and, if she had known that the motor was operating, she would not have tried to drive by the truck. Noises incident to the proper

operation of an automobile are not of themselves evidence of negligence, and, if a horse is frightened at such noises, the operator would not be liable. *House* v. *Cramer,* supra; *Eichman* v. *Buchheit,* 128 Wis., 385, 107 N. W., 325, 8 Ann. Cas., 435. But, as stated before, the proof is abundant that it not only was not necessary, but it was improper for the operators of this truck to leave the motor running while they had lunch. The operators themselves admit this, and deny that the motor was running; but plaintiff's testimony, by which we are bound, shows that it was.

The driver of a horse upon the public road assumes the risk of its taking fright at an automobile when operated properly and with due care. We think there was sufficient evidence upon these points to carry the case to the jury for it to decide whether the proximate cause of Mrs Brown's injury was the natural fright of her horse or the negligence of the operators of the truck. Other questions are made which have been considered and overruled. The result is that the judgment of the court of civil appeals is affirmed, with costs.