MRS. MINNIE R. MAHAFFEY, Next Friend of EDWIN K. MAHAFFEY, v. O. E. MAHAFFEY and EUGENE MAHAFFEY, Doing Business Under the Firm Name and Style of MAHAFFEY BROS. TENT & AWNING CO.

Western Section. April 27, 1932.

Petition for Certiorari denied by Supreme Court, January 1, 1933.

W. C. Rodgers and Charles A. Bond, both of Memphis, for appellant.

Wilson, Kyser, Armstrong & Allen, of Memphis, for appellee.

SENTER, J. This is a suit by plaintiff below as the next friend of Edwin K. Mahaffey, a minor, against the defendants below to recover damages for personal injuries alleged to have been sustained by Edwin K. Mahaffey while he was riding in an automobile operated and driven by O. E. Mahaffey, one of said defendants, as the result of the negligence of said defendant driver.

The declaration does not disclose that Edwin K. Mahaffey is the minor son of O. E. Mahaffey, who was engaged in business with his brother and co-defendant, Eugene Mahaffey.

The defendants filed pleas of not guilty and contributory negligence.

At the conclusion of plaintiff's proof the defendants moved for a directed verdict in favor of both defendants and in favor of the firm, which motion was sustained by the learned trial judge, and the jury instructed to return a verdict in favor of the defendants, and upon which verdict the learned trial judge rendered judgment in favor of defendants and against Mrs. Minnie K. Mahaffey, as next friend, etc., for the costs.

A motion for a new trial seasonably made was overruled, and from the action of the court in overruling her motion for a new trial and in dismissing the suit at the cost of plaintiff, she prayed and was granted an appeal, in the nature of a writ of error to this court. The appeal has been perfected and errors assigned.

It appears from the evidence introduced by plaintiff that the defendants O. E. Mahaffey and Eugene Mahaffey are brothers, and composed a partnership operating and doing business under the firm name and style of Mahaffey Bros. Tent & Awning Company, in Memphis. On the day of the accident O. E. Mahaffey took his two minor sons, Edwin K. and Eldred, with him in an automobile owned by the firm on a trip into Mississippi, and ran the automobile into a road grader on the side of the road, resulting in the injuries to his son, Edwin K., about ten years of age, for which the suit is brought. At the conclusion of plaintiff's evidence, the attorney for the defendants made the motion for a directed verdict, which motion was sustained. The grounds of the motion for a directed verdict were: First, that as to the defendant O. E. Mahaffey, the suit cannot be maintained for the reason that a minor child, a member of the family, cannot maintain a suit against his father for alleged negligence. Second, as to Mahaffey Bros., that the suit being predicated and based entirely upon the alleged negligence of the father of the minor child, and a member of the firm, and who was driving the car and the suit not being maintainable against the driver of the car for the reasons stated in the first ground, that it cannot be maintained against the partnership of which he was a member on the theory of respondeat superior. Third, that the partnership could not be held liable, because the undisputed evidence was that the two minor sons of O. E. Mahaffey were not guests of the partnership or firm, but were in the automobile at the invitation alone of the father for their own pleasure and his.

The several assignments of error challenge the action of the court in directing the verdict and in dismissing the suit. The questions presented by the several assignments are, first, that it was error for the court to hold that the plaintiff could not sue the partnership

because of the relationship between plaintiff and one of said partners; second, the court erred in holding that this was a case of a child suing his parent; third, that it was error of the court to hold that this was a kind or character of case for the application of the rule that a child would not be permitted to sue his parent for negligence; and fourth, that by the holding of the court it amounted to a denial to plaintiff of any remedy for the redress of wrongs and injuries done him, in his person and property, guaranteed to him by Article 1, Section 17 of the Constitution of the State of Tenneseee.

In the case of McKelvy v. McKelvy, 111 Tenn., 388, 77 S. W., 664, it is held that a suit for alleged tort by the father cannot be maintained by an infant son who has suffered injury by reason of the negligence or tort of the father.

In Loveman v. Bayliss, 128 Tenn., 312, 313, 160 S. W., 841, the rule is thus stated:

> "When the master is sued solely for misfeasance, or nonfeasance on the part of his servant, being liable for their conduct only under the doctrine of respondeat superior, a verdict, permitted to stand in favor of such servants, either in an action where they are sued with the master, or in a prior action, entitles the master to a discharge from such claimed liability."

In support of the rule as thus announced, numerous cases from many jurisdictions are cited by the court, among them being the case of Doremus v. Root, 23 Wash., 710, 63 Pac., 572, 54 L. R. A., 649; Stevick v. Northern Pacific R. Co., 39 Wash., 501, 81 Pac., 999; MaGinnis v. Chicago, R. I. & P. R. Co., 200 Mo., 347, 98 S. W., 590; 9 L. R. A. (N. S.), 880, and note; Indiana Natural Glycerine, etc., Co. v. Lippincott Glass Co., 165 Ind., 361, 75 N. E., 649; Southern Ry. Co. v. Harbin, 135 Ga., 122, 68 N. E., 1103, 30 L. R. A. (N. S.), 404, 21 Ann. Cas., 1011; Chicago & S. P. & M. Co. v. McManigal, 73 Neb., 580, 103 N. W., 305, 107 N. W., 243.

As illustrating the point in the Loveman case, the court referred to the holding in the Doremus v. Root, supra, with approval, and in which case it was held that, in an action against a railroad company and its conductor, for an injury caused by the alleged negligence of the conductor, a verdict in favor of the latter would preclude a judgment against the company. To the same effect is the holding in the case of McGinnis v. Chicago, etc. Railroad Co., supra, and Indiana Natural Glycerine etc. Co. v. Lippincott Glass Co., it appearing in both cases that the action was based solely on the negligence of the servant, and both the servant and the master were sued in the same action.

Appellant seeks to distinguish these cases from the case at bar on the theory that in those cases the jury had returned a verdict in favor of the respective servants and against the master, and that

such verdict is inconsistent. However, if, in the present case, the father could not be held liable for the negligent act in a suit by his minor son, we think, on principle, that the firm of which he was a member could not be held liable. To permit this would be to indirectly permit the minor son to recover against his father, notwithstanding the rule to the contrary, because if the firm should be held liable for the negligent act of its agent, a member of the firm, solely on the doctrine of respondeat superior, the firm could in turn recover against the agent, and by this process the father in the ultimate could be required to respond in damages to his minor son for his negligent act resulting in injuries to his minor son.

We are of the opinion that the learned trial judge was not in error in directing the verdict in favor of the defendant. The assignments of error are overruled and the judgment of the lower court is accordingly affirmed. The cost of this appeal will be adjudged against Mrs. Minnie K. Mahaffey, as next friend of Edwin K. Mahaffey, the appeal being in forma pauperis.

Heiskell and Owen, JJ., concur.