J. W. RAINES, PLAINTIFF IN ERROR, *v.* PAULINE MERCER, DEFENDANT IN ERROR.*

(*Knoxville,* September Term, 1932.)

Opinion filed December 24, 1932.

---

*On common law rule as to liability of one spouse to the other for torts, see annotation in 6 L. R. A. (N. S.), 191; 30 L. R. A. (N. S.), 1153; 13 R. C. L., 1394; R. C. L. Perm. Supp., p. 3490.

On liability of master for negligence of servant as based on doctrine of respondeat superior, see annotation in 27 L. R. A., 161; 18 R. C. L., 786; R. C. L. Perm. Supp., p. 4504; R. C. L. Pocket Part, title "Master and Servant," Sec. 247.

As to family purpose doctrine, see annotation in 5 A. L. R., 226; 10 A. L. R., 1449; 14 A. L. R., 1087; 19 A. L. R., 387; 20 A. L. R., 1469; 23 A. L. R., 620; 32 A. L. R., 1504; 50 A. L. R., 1512; 64 A. L. R., 844; 2 R. C. L., 1199, 1200; R. C. L. Perm. Supp., p. 669.

JOE V. WILLIAMS, for plaintiff in error.

ESTILL & MORGAN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This cause was presented by petition for *certiorari* to the Court of Appeals.

Pauline Mercer, who was injured by an automobile collision, was at the time riding in the car of J. W. Raines. His son Bill was driving. The father gave his son permission to drive the car to the State Theater and back, accompanied by instructions to limit use to that trip because it was a dark, rainy night and no indemnity insurance was carried on the car. Contrary to instructions, the son went to St. Elmo, and beyond into Georgia, after Miss Mercer and the collision occurred while returning to Miss Mercer's home. She sued J. W. Raines to recover for injuries suffered in the collision. After commencing her action she married Bill. Before trial an amendment was offered to change the name of plaintiff from Pauline Mercer to Pauline

Raines. Counsel for defendant below then said to the court: "In the amendment made here this morning it was shown that the plaintiff's name had changed to Mrs. Raines. I want the order to show that the plea to the action heretofore filed shall apply to this amendment." The cause was then submitted to the jury under the plea of not guilty. There was a mistrial in November, 1930. That record was preserved by wayside bill of exceptions. The second trial in July, 1931, resulted in a verdict for defendant in error. Timely motions for peremptory instructions were made at both trials and they were overruled.

The Court of Appeals held that the motion should have been sustained and reversed the judgment for the reason that since Pauline could maintain no action against Bill, her husband, she could not maintain it against Bill's father, chargeable only under the doctrine of *respondeat superior,* as in *Loveman Co.* v. *Bayless,* 128 Tenn., 307, assimilated to the Family Purpose Doctrine as in *King* v. *Smythe,* 140 Tenn., 217; *Goodman* v. *Wilson,* 129 Tenn., 464, and *Keller* v. *Truck Co.,* 151 Tenn., 427.

Pauline testified that Bill was driving about twenty miles an hour when they approached the crossing, with one hand on the steering wheel and the other around her, and that he was arguing with her, while she, with her back to him, was engaged in conversation with occupants of the back seat. Near the crossing she told him he had five minutes to get her home, and she says the collision occurred just after that.

There is evidence that Bill Raines was not exercising due care; beyond that the record contains no details of the collision other than that the Raines car collided with a car driven by Mr. Jones, who was approaching

the crossing at about twenty miles an hour. Mrs. Raines testified that after commencement of the action against Bill's father she and Bill were married. He is now her husband.

The Court of Appeals pretermitted the question of contributory negligence. There was no discussion of whether or not Pauline was a proximate contributor to Bill's negligent driving—whether she should have reasonably expected that the encircling contact of Bill's other arm about her body might not only keep his mind off his business, but prevent him from safely controlling the car and so lead to her injury.

The court's conclusion rested upon the proposition that the subsequent marriage extinguished Pauline's antenuptial right of action for Bill's tort and therefore her right of action against J. W. Raines, resting as it did upon the doctrine of *respondeat superior,* could not be maintained against the principal.

 The rule was not changed by the Tennessee Married Woman's Act. *Lillienkamp* v. *Rippetoe,* 133 Tenn., 62; *Wilson* v. *Barton,* 153 Tenn., 250; *Tobin* v. *Gelrich,* 162 Tenn., 96; *Hennegar* v. *Lomas,* 32 L. R. A., p. 850.

The marital unity, which settled rules of law have recognized through so many years, prevents the operation of those general statutes designed to remove particular disabilities of married women. The question is not whether disabilities have been removed but whether the long-prevailing rule of the law, declaring husband and wife to be one person, in legal contemplation, has been annulled. Until this rule is annulled by statute, all rights of action for antenuptial wrongs of the husband to the wife are extinguished by their marriage. Because

marriage extinguished antenuptial actions for tort between husband and wife, the wife could not maintain an action against him for injury to her person committed before marriage or during coverture. *Hennegar* v. *Lomas,* 32 L. R. A., p. 848; Schouler's Husband and Wife, Sec. 81; 30 C. J., 714-15, Note 71; *Tobin* v. *Gelrich,* 162 Tenn., 96.

The doctrine of *respondeat superior* rests upon the doctrine that the wrong of the agent is the act of his employer. 18 R. C. L., 786; *Goodman* v. *Wilson,* 129 Tenn., 464.

If the agent, the immediate actor, cannot be charged with liability for the tort, the principal, the remote actor, who had no immediate part in the tortious transaction, cannot be held responsible, for as held in *Loveman Co.* v. *Bayless,* 128 Tenn., 317, if the remote actor had no other direct relation to the wrong or injury, but is liable only because of the doctrine of *respondeat superior,* he does not occupy the position of a wrongdoer.

The conclusion in *King* v. *Smythe,* 140 Tenn., 217, which adopted the Family Purpose Doctrine, rested upon the doctrine of agency. See also *Keller* v. *Truck Co.,* 151 Tenn., 427.

Since the defendant in error could not maintain her action against her husband, alleged to be directly responsible for her injury, she could not avoid the forbidden frontal attack by an encircling movement against Bill's father who had no part in the negligent transaction. *Riser* v. *Riser,* 240 Mich., 202; *Emerson* v. *Western Seed Co.* (Neb.), 216 N. W., 297; *Newton* v. *Webber,* 96 N. Y. Supp., 113.

The marital unity extinguished the right of action against her husband and since she could not recover

from him she could not recover from his father. *Maine v. Maine,* 37 A. L. R., 161; *Harvey v. Harvey,* 239 Mich., 142. In *Phillips v. Barnett,* 1 Q. B. D., 436, cited in *Abbott v. Abbott,* 67 Maine, 304, it was said "the substantial ground why the wife cannot sue her husband is not merely a difficulty in the procedure but a general principle of the common law that they are one person." And so being one person, one cannot sue the other. If she has no remedy she would have no right. Having none she could not reach the husband's superior. See also *Hobbs v. Illinois Central R. Co.,* 171 Iowa, 624.

It is insisted by the defendant in error that the Court of Appeals erred in holding that the amendment by change of name from Mercer to Raines was sufficiently met by the plea of general issue. We have quoted what occurred when the amendment was offered, accepted by the court, and when counsel for defendant asked that the plea already filed be considered as refiled. Plaintiff's action was an action on the case, and the plea of not guilty to her declaration denied every material averment, including her right to maintain the action. The plea offered after the amendment was suggested and adopted by the court put in issue every essential fact. *Plowman v. Foster,* 6 Cold., 52. Under that plea proof of the subsequent marriage was admissible.

Beyond the foregoing, and we think decisive propositions, the undisputed evidence shows that the defendant was guilty of negligence that proximately contributed to her injury.

Writ denied.