Jenkins *v.* General Cab. Co. of Nashville, Inc., *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed January 20, 1940.

J. Ross CHESHIRE, JR., of Nashville, and P. S. SMITH, of Richmond, Va., for plaintiff.

MANIER & CROUCH, of Nashville, for defendants.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an appeal from the judgment of the trial court sustaining a demurrer to the declaration. It is shown by the declaration that plaintiff, with her niece, became passenger for hire on a taxicab operated by defendants in the city of Nashville. Upon entering the taxicab and directing the driver to carry her to a designated place, the plaintiff discovered that he was her estranged husband from whom she was living apart and against whom a divorce suit was pending.

It is charged (1) that the driver operating the cab did so in such reckless manner as to injure plaintiff on the face and about her body; (2) that he struck plaintiff with his fist; (3) that he carried her to the county jail and delivered her to the custody of an officer with the statement that she was drunk; (4) that he forcibly took her purse as she was about to pay the taxicab fare and wrongfully appropriated the purse and contents.

The trial judge sustained defendants' demurrer to the declaration upon the ground that the husband was not liable for wrongs inflicted upon the wife, and, plaintiff having no cause of action against the husband, the immediate wrongdoer, she could not under the doctrine of *respondeat superior* maintain the action against the

husband's employer or master. In support of this proposition defendants refer to and rely on *Raines* v. *Mercer*, 165 Tenn., 415, 55 S. W. (2d), 263, and cases there cited. The rule applied in that case cannot be extended to the facts shown by the declaration in this case. Here the defendant is shown to be a common carrier for hire, and in such case the right to sue the master or superior is not subordinate or secondary to the right to sue the servant. As a common carrier, the defendants owed the duty of safely carrying the passenger and the duty to safely carry was non-delegable. That is to say, where the duty is entrusted by the carrier to the performance of a servant, the carrier as master is responsible and liable for the servant's wrongs, not as master for the acts of its servant, but because of its duty as a common carrier to protect its passenger from the assault or wrongful conduct of the servant.

The master being bound to safely carry its passenger, the fact that the servant to whom the duty was delegated is not liable for his own act could not be set up as a defense by the master, the defendant in this case. *McClellan* v. *Tennessee Electric Power Co.*, 174 Tenn., 58, 123 S. W. (2d), 822, 120 A. L. R., 928. This proposition being determinative of the question presented by the appeal, it becomes unnecessary to consider whether under Code, section 8632, the common law rule was so changed as to authorize the wife to sue the husband for a tort committed against her while they were living separate and apart from each other.

Reversed and remanded.