GRAHAM *et al. v.* MILLER.

(*Nashville,* December Term, 1944.)

Opinion filed May 5, 1945.

A. A. KELLY, of South Pittsburg, for J. H. Graham and another.

JOHN T. RAULSTON, of South Pittsburg, for Blanche Hughes Miller.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Raymond Lee Miller, a twelve year old boy, was run over and killed by a truck of which his father, Ray Miller, was the driver, and of which he had charge as the employee of J. H. and Paul Graham, owners of the truck. Ray Miller was employed by the Grahams to drive this truck in the delivery of milk from a dairy operated by them. The action was brought by the mother, as administratrix, against the owners of the truck only, charging that a defect in the truck, for which the owners were re-

sponsible, was a contributing cause of the injury. A judgment for $2,500 was had, affirmed by the Court of Appeals. This Court granted *certiorari.*

While the proof clearly shows, and it is undisputed, that Ray Miller, in charge of the truck, was guilty of negligence, he was not joined as a defendant, in recognition of the well-settled rule that a minor child cannot maintain a tort action against a parent. *McKelvey* v. *McKelvey,* 111 Tenn. 388, 77 S. W. 664, 64 L. R. A. 991, 102 Am. St. Rep. 787, 1 Ann. Cas. 130. And see 39 Am. Jur., page 735, citing numerous cases from other jurisdictions.

Nor can an administratrix, in which capacity this suit is brought by the mother, maintain a tort action for the wrongful death of her intestate if he, in his lifetime, could not maintain the action. *McCreary* v. *Nashville, C. & St. L. Ry.,* 161 Tenn. 691, 695, 34 S. W. (2d) 210. If the beneficiary cannot recover, neither can an administrator. *Anderson* v. *Memphis St. Ry. Co.,* 143 Tenn. 216, 219, 227 S. W. 39.

Another proposition equally well settled in this jurisdiction is that a master is not liable under the doctrine of *respondeat superior,* unless the servant is liable. *Loveman Co.* v. *Bayless,* 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187; *Raines* v. *Mercer,* 165 Tenn. 415, 55 S. W. (2d) 263; *MaHaffey* v. *MaHaffey,* 15 Tenn. App. 570; *Summers* v. *Bond-Chadwell Co.,* 24 Tenn. App. 357, 372, 145 S. W. (2d) 7. For like holdings outside of this State, see *Meece* v. *Holland Furnace Co.,* 269 Ill. App. 164, citing numerous cases. (Annotated in 116 A. L. R. 650.)

It is true that it has been held in one or more other jurisdictions that, while a child cannot recover against his father for a tort, the child may nevertheless recover

against the master, or employer of the father, when the injury resulted from the negligence of the father, acting within the scope of his employment, upon the theory that the immunity granted by public policy against suit by his child does not extend to and exempt the employer. The leading case so holding is *Chase* v. *New Haven, etc., Corporation,* 111 Conn. 377, 150 A. 107, 68 A. L. R. 1497, wherein the annotator observes (page 1500) that this case is "one of first impression upon the specific question." In 116 A. L. R. 639, the case of *Mi-Lady Cleaners* v. *McDaniel,* 235 Ala. 469, 179 So. 908, is reported, and the annotation on page 650 refers to other holdings both ways on this question. But the question is not an open one in this State, where the derivative doctrine of liability of the master for the negligence of the servant is recognized. See *Loveman Co.* v. *Bayless,* and other cases above cited. Moreover, these cases are not in point here where, while the defendants are the employers of the father, the action is for alleged independent negligence of the employers.

While recognizing the rule in *respondeat superior* cases to be as laid down in *Loveman Co.* v. *Bayless, supra,* the Court of Appeals rests its affirmance upon the theory that the defendants, owners of the truck being used at the time of the accident on their business, are liable independently of their relationship as master because the proof shows that they were negligent in sending out the truck with a mechanical defect which contributed to the accident; that, in this situation, this action may be maintained against them for this independent negligence as joint tort-feasors with the father. By basing the right of action upon this theory, plaintiff has sought to avoid application of our rule above mentioned, which applies when the liability of the master rests alone upon the

negligence of the servant, and also the general rule which precludes recovery by the child against the father.

We have thus presented a situation with which this Court has not heretofore been called upon to deal, raising, as above indicated, the question whether or not, on such facts, an independent action may be maintained against the owner of the truck without violation of the rule which precludes recovery for a tort by a minor against a parent.

A further statement of the facts is called for. On the day of the accident, Ray Miller was returning from a delivery of milk to Camp Forrest, at Tullahoma, Tennessee. His son, the deceased, was accompanying his father on this trip. Ascending the mountain to Monteagle, Miller found the motor of the truck to be missing, or skipping. He stopped at a filling station at Monteagle for mechanical assistance. The foot clutch pedal of the truck had been from time to time sticking when pressed in to dis-engage the clutch. This was the defect responsibility for which is charged to the owners, and of which they, and also their driver, Ray Miller, were aware. In stopping the truck at the filling station, Miller, as is customary, pushed down the pedal, thus dis-engaging the clutch. Without throwing the lever provided for that purpose, and thus definitely and safely dis-engaging the clutch, and without securing the truck against movement by the use of the handbrake, Miller dismounted leaving the engine running, relying solely upon his expectation that the foot pedal would remain in its pressed in or down condition. A mechanic began inspection of and work upon the motor. Meanwhile, the young son of Ray Miller stepped to the front of the truck and stood there watching the mechanic. As a result, apparently, of some slight jar to the motor, the foot clutch sprang back into

its natural position when free from foot pressure, and the clutch becoming engaged, the truck moved suddenly forward and struck and killed the boy.

Conceding, but not deciding, that the negligence of the defendants, on these facts, so contributed to the injury as to constitute one of two proximate causes thereof, the driver and the owners were joint tort-feasors and liable as such, and, under the recognized general rule, subject to be sued either jointly or independently. But, may an action be maintained as here against one joint feasor when the other is the parent of the plaintiff's minor intestate? We are cited to no case in point and know of no precedent.

In *Cohen* v. *Noel*, 165 Tenn. 600, 56 S. W. (2d) 744, while conceding that the general rule precludes recovery over by one of two participants in a tort against the other, this Court approved an exception to this rule thus stated by the Supreme Court in *Union Stock Yards Co. of Omaha* v. *Chicago, etc., R. Co.*, 196 U. S. 217, 25 S. Ct. 226, 228, 49 L. Ed. 453, 2 Ann. Cas. 525, "that, notwithstanding the negligence of one, for which he has been held to respond, he may recover against the principal delinquent where the offense did not involve moral turpitude, in which case there could be no recovery, but was merely *malum prohibitum*, and the law would inquire into the real delinquency of the parties, and place the ultimate liability upon him whose fault had been the primary cause of the injury."

After a review of numerous decisions Chief Justice GREEN, writing the opinion in the *Cohen Case* [165 Tenn. 600, 56 S. W. (2d) 746], declares the controlling principle to be that, "where the negligence of one is positive, that of the other, negative," such a "one" may not recover over against "the other,"—the obvious im-

plication being that the other, guilty of passive or negative negligence only, may recover over against the one who has contributed more proximate, positive, or active negligence to the injury.

Discussing the various recognized exceptions to the rule which precludes recovery by one joint tort-feasor from another of contribution or indemnity, it is said in 18 C. J. S., Contribution, Sec. 11, page 16, that the rule does not apply "where the injury has resulted from a violation of the duty which one owes the other, or where the liability of the joint tort-feasor, who has been compelled to pay arises merely from negative acts of omission on his part," etc. Cases are cited in the notes. Both of these conditions appear here. The driver-employee owed to his employers the duty to exercise reasonable care in the handling of this truck not to injure the deceased. This care he certainly did not exercise. And the owners of the truck were guilty of an omission only, while the driver's negligence was positive and proximate.

Now bearing in mind the well-settled rule that precludes recovery for a tort by or for a minor child against his parent, if the facts of the instant case bring it within the exception to the general rule announced in *Cohen v. Noel, supra,* which permits a judgment joint feasor debtor in a tort action to recover over against his joint tort-feasor, does it not follow that a judgment against the defendants here automatically fixes liability against the intestate's father?

Reserving, as above suggested, the question of whether or not the negligence of the owner-defendants on the facts of the case was not too remote, that is, was so within the reasonably unforeseeable class, as to acquit these defendants of liability for this injury, it cannot

be doubted that the primary operative negligence was that of the driver of this truck. Certainly, the particular defect charged to the omission of defendants would not have caused the injury without the positive negligent conduct of the driver in (1) leaving the motor running, (2) not pulling the gear lever provided for the purpose of dis-engaging the motor, and (3) failing to use the brakes.

Being clearly of opinion that this is a case in which the defendants may maintain an action to recover over against the father of this plaintiff's intestate, their joint tort-feasor, it follows automatically that the ultimate effect of the judgment in this case is to fasten upon this parent ultimate liability for this recovery in favor of his child, in contravention of the rule that grants immunity to a parent from such liability.

Giving application to the rule which denies to a wife recovery against her husband for his tort, in principle analogous to actions by child 'against parent, we find denial of recovery against the master only rested in several cases upon the ground that the master has a right to recover over against the servant, husband of plaintiff, responsible primarily for the tort (the master being in the relation of surety, as said in *Loveman* v. *Bayless, supra*) and in the opinions in these cases the courts approve this language, directly in point here: "It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement when a frontal attack upon the husband is inhibited,"—a doing by indirection what may not be done directly. *Emerson* v. *Western, etc., Co.,* 116 Neb. 180, 216 N. W. 297, 299, 56 A. L. R. 327.; *Doremus* v. *Root,* 23 Wash. 710, 63 P. 572, 54 L. R. A. 649; *Riser* v. *Riser,* 240 Mich. 402, 215 N. W. 290; *Meece* v. *Holland*

*Furnace Co.,* 269 Ill. App. 164. So here, where we hold that defendants, adjudged liable as joint tort-feasors with the father, have a right of recovery over against the father, to permit a judgment against the defendant joint tort-feasors would be to countenance an encircling movement when a frontal attack upon the parent is inhibited.

This reasoning is followed in our Tennessee case of *Raines* v. *Mercer,* 165 Tenn. 415, 55 S. W. (2d) 263, an action against the owner of a car, by the wife of the driver, Bill Raines, who was the son and agent of the car owner, based on the negligence of the driver, her husband. It is interesting to note that Mr. Justice Cook, writing the opinion in that case, holding that the liability of the owner of the car was derivative only and dependent on the negligence of his agent driving the car, against whom the owner could recover over any damages awarded the plaintiff, followed the reasoning of the foregoing cases. He cited the *Emerson* and *Riser Cases, supra,* and, also, *Newton v. Weber,* 119 Misc. 240, 196 N. Y. S. 113, and said [165 Tenn. 415, 55 S. W. (2d) 264]:

"Since the defendant in error could not maintain her action against her husband, alleged to be directly responsible for her injury, she could not avoid the forbidden frontal attack by an encircling movement against Bill's father who had no part in the negligent transaction."

Having reached the conclusion that this action, for the reasons stated, is in ultimate effect one for the death of a child against his father, it becomes unnecessary to pass upon other questions presented, and the judgment must be reversed and the suit dismissed.