## Fagg *v.* Benton Motor Co.

*(Knoxville,* September Term, 1951.)

Opinion filed March 7, 1952.

Charles C. Guinn, of Etowah, R. R. Kramer, R. Arnold Kramer and E. H. Rayson, all of Knoxville, for plaintiff.

Goins & Gammon, of Chattanooga, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents for decision the question whether a partnership is liable to the wife of one of the partners for injuries sustained while she was riding in a partnership automobile which was, at the time, being driven by the husband of the Plaintiff, who was a partner, driving the automobile on partnership business. At the time of the wreck, the automobile was being demonstrated with a view to sale, and the declaration states that the wife's status was "as a guest, and as a sales prospect" (tr. p. 5).

The Circuit Judge sustained a demurrer to the declaration and to the amended declaration, dismissed the suit, and the Plaintiff has perfected this appeal.

Plaintiff admits that in Tennessee, a husband is not liable to his wife in tort, for negligence, and further admits that in this case, under Code Sec. 7852, since the husband is the acting partner, and is not individually liable, that the partnership is not liable in tort, for the husband's negligence. But Plaintiff insists that she is not suing in tort, but in contract for breach of an implied agreement for safe carriage, and in support of that contention, cites *Jenkins* v. *General Cab. Co.*, 175 Tenn. 409, 135 S. W. (2d) 448.

564

■ Though we think that the decision in the Jenkins case, supra, was based on the express contract of the Cab Company, a common carrier, to transport its fare-paying passengers safely, it is unnecessary to a decision to determine that point since a judgment for the plaintiff for breach of contract, would, in the present case, have been void as beyond the scope of the pleadings. The declaration states the cause of action to have been in tort for the negligent operation of an automobile by the partner Fagg, as follows:

"As a result of said negligence, wrongful and unlawful acts of defendant, which was the prime and proximate cause of plaintiff's injuries, without fault upon her part, plaintiff was severely burned upon her head, face, limbs and body; her hair was burned; etc. * * *.

"Wherefore, and for all of which, plaintiff sues the defendant partnership Benton Motor Company for $10,000; and demands a jury."

The cause of action is not enlarged or altered in the amended declaration, but is copied from the original in identical words (tr. pp. 9 and 10).

There is nothing in the final order sustaining the demurrer to indicate that in the Trial Court there was any insistence that the action was in contract and not tort, and as stated, without proper amendment of the pleadings, a judgment for breach of contract would have been coram non judice and void. Tennessee Procedure in Law Cases, Secs. 19, 21, et aliunde.

■ It is elementary that a party who has unsuccessfully pursued one course in the Trial Court, cannot change his theory and present a different and inconsistent case on appeal. *Stamper* v. *Venable*, 117 Tenn. 557, 97 S. W. 812; *Carlock* v. *Chattanooga*, 130 Tenn. 330, 170 S. W. 475. Compare: *Teasdale & Co.* v. *Manchester*

*Produce* Co., 104 Tenn. 267, 271, 56 S. W. 853; *Stearns* v. *Williams & Price,* 12 Tenn. App. 427; *Polk* v. *City of Memphis,* 15 Tenn. App. 73.

Since this disposes of the appeal, we find it unnecessary to discuss the further insistence of plaintiff, that she had a cause of action against the partnership, which was separate and distinct from her alleged cause of action against the partners. The question is not presented by the record since the partners individually, were named parties defendant in both the summons and the declaration.

For the reasons stated, the judgment is affirmed at the cost of the plaintiff.