**EARLEY et al. v. ROADWAY EXPRESS, Inc.**

**WILKERSON v. ROADWAY EXPRESS, Inc.**

Civ. A. 1763, 1764.

United States District Court
E. D. Tennessee, Northern Division.

Aug. 6, 1952.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

James W. Mitchell, Taylor H. Cox, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

These cases are before the Court upon motion of defendant in each case for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. The first ground of the motion is that plaintiff in neither case is entitled to exemplary damages for the reason that the defendant in each case was not guilty of any willful or wanton act authorizing a jury to pass upon that question. Defendant, therefore, moves the Court to strike from the respective complaints any and all claims for exemplary damages. This portion of the motion is sustained.

The two suits grew out of a highway accident at the intersection of U. S. Highway 70 and U. S. Highway 25–E, near Newport,

Tennessee. A trailer-tractor of defendant, traveling westward on Highway 70, collided with the automobile of decedents, who were traveling south on Highway 25–E. As a result of the accident both Wilbur V. Earley and his wife, Faye E. Earley, were killed.

In civil action No. 1763 it is averred that Faye E. Earley survived her husband for a short time. Hence, under the statute, she would have been entitled to recover, along with his parents, for his death. Under the survivor statute, the theory is that her cause of action passed to her administrator. Hence, the parents of Wilbur V. Earley and the administratrix of his deceased widow join as plaintiffs in this action.

In cause No. 1764, it is averred that a cause of action arose for the wrongful death of Faye E. Earley and that her action survived to her administratrix, Brama J. Wilkerson, who is the plaintiff in this case.

Plaintiff in each case avers that defendant was guilty of common law negligence, and also violated Section 2681; Section 2682(a), (b) Second, Third and Fourth; (c) First, Second, Fourth and Sixth; Section 2682.1; Section 2685; and Section 2687(a) and (b) of the Tennessee Code.

Plaintiff further avers that defendant's negligence was gross and wanton, and that plaintiff is, therefore, entitled to exemplary damages, as well as compensatory damages.

■■ In Tennessee, exemplary damages may be added to compensatory damages, where the wrongdoer behaved so wantonly or grossly as to show a willingness to inflict the injury. As a general rule, however, wantonness may not be imputed to the master or principal of the wrongdoer, where the wrongdoer is a servant or agent. Three exceptions to this general rule are generally recognized. They are

(1) Where the master is under contract-imposed duty, or law-imposed duty, requiring him to refrain from mistreatment of the contractee. This relationship would exist between a railroad company and a passenger. Knoxville Traction Co. v. Lane, 103 Tenn. 376, 53 S.W. 557, 46 L.R.A. 549.

It would exist, also, between a cab company and a passenger in one of its cabs. Jenkins v. General Cab Company of Nashville, Inc., 175 Tenn. 409, 135 S.W.2d 448.

(2) Where the nature of the employment or duty imposed on the servant is such that the master must contemplate the use of force by the servant in performance, as a natural or legitimate sequence. Cases of this character arise where guards or watchmen are entrusted with weapons and told to keep off trespassers, thieves, and other wrongdoers. Eichengreen v. Louisville & N. R. Railroad, 96 Tenn. 229, 34 S.W. 219, 31 L.R.A. 702; Union Railway Company v. Carter, 129 Tenn. 459, 166 S.W. 592; Terry v. Burford, 131 Tenn. 451, 175 S.W. 538, L.R.A.1915F, 714.

A variation on this exception may be found where the force employed by the servant in the commission of the willful tort is done with a view to the furtherance of the business in which he is engaged, and in the master's interest. Anderson v. Covert, Tenn., 245 S.W.2d 770.

(3) Where a dangerous instrumentality is entrusted by the master to the servant, and the servant uses the instrumentality wantonly to the injury of plaintiff, as in the case of a railroad locomotive whose whistle is willfully sounded. Nashville & Chattanooga Railroad Co. v. Starnes, 56 Tenn. 52; see Hunt-Berlin Coal Company v. Paton, 139 Tenn. 611, 202 S.W. 935, in which the court discusses the general rule and the three apparent exceptions hereinbefore enumerated.

Of course, the servant, the willful wrongdoer, would be liable for both compensatory and exemplary damages, whether the tort falls within one of the three exceptions or not. But in these cases the servant is not being sued. The action is against the master or principal.

If the accident can be attributed in some way to willful or wanton negligence of the master, exemplary damages would be recoverable, not on the ground of imputed negligence, but because of the master's own willful misconduct. The theory on which the complaint is based in each of these cases is

that the alleged willful negligence of the truck driver is imputed to the truck owner.

■ Since the facts laid in the complaint in each of these cases do not bring the actions within any of the exceptions to the general rule, that willful or wanton negligence upon the part of the servant is not imputed to the master, it follows as a matter of law that the portion of defendant's motion to strike from the complaints the claims for exemplary damages should be sustained.

■ Plaintiff in each case concedes in the brief that defendant is entitled to have that portion of the motion for summary judgment sustained which relates to Section 2682(b), Second and Third, Code of Tennessee, for the reason that the point where the accident occurred is shown not to lie within a residential or business district. This portion of the motion should likewise be sustained. The portion of the motion directed to Section 2682(b), Fourth, Code of Tennessee, should be overruled for the reason that the affidavits filed in the record raise a genuine issue as to a material fact, namely, whether the point where the accident occurred, had been designated by proper Tennessee authorities as a zone wherein speed was restricted to thirty miles per hour.