Marion CHAMBERLAIN

v.

Eva Douglas McCLEARY and Alfred McCleary

v.

Howard W. CHAMBERLAIN.

Civ. A. No. 3981.

United States District Court
E. D. Tennessee, S. D.

April 16, 1963.

---

Folts, Bishop, Thomas, Leitner & Mann, Chattanooga, Tenn., H. Thomas Brown, Cincinnati, Ohio, for plaintiff.

Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for defendant.

Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for third-party plaintiff.

Folts, Bishop, Thomas, Leitner & Mann, Chattanooga, Tenn., for third-party defendant.

FRANK W. WILSON, District Judge.

This lawsuit arose from a collision between two automobiles. One of the automobiles was owned and operated by Howard W. Chamberlain, whose wife, Marion Chamberlain, was riding with him as a passenger. The other automobile was operated by Eva Douglas McCleary, and owned by her husband, Alfred McCleary.

The principal suit was brought by Marion Chamberlain against the McClearys. The McClearys in turn filed a third-party suit against Howard W. Chamberlain, seeking indemnity upon the theory that Mr. Chamberlain was guilty of active negligence while Mrs. McCleary was guilty of only passive negligence, if any; or, in the alternate, seeking contribution upon the theory that Mr. Chamberlain was a joint tortfeasor with Mrs. McCleary. The case is now before the Court upon a motion by Mr. Chamberlain to vacate the Order permitting the filing of the McClearys' third-party suit, and to dismiss that suit.

■ Mr. Chamberlain appears not to challenge the general availability of indemnity or contribution between tortfeasors under the law of Tennessee. In Huggins v. Graves, D.C., 210 F.Supp. 98, this Court recently held that the Tennessee Supreme Court had recognized the general availability of contribution in Davis v. Broad Street Garage (1950) 191 Tenn. 320, 232 S.W.2d 355, 357,[1] and the availability of indemnity of the kind sought here in the case of Cohen v. Noel, (1933) 165 Tenn. 600, 56 S.W.2d 744. Nor does Mr. Chamberlain challenge the propriety of permitting a claim for contribution or indemnity by third-party suit before judgment has been rendered against and paid by the parties seeking contribution or indemnity. This practice was approved in the Huggins case, and the Court remains of the opinion that it is proper under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Mr. Chamberlain bases his motion upon the fact that the original plaintiff, Marion Chamberlain, is his wife. He argues

---

1. Since the Huggins case, Mr. Justice Tomlinson has uttered the following dictum in the case of O'Rear v. Oman Construction Co., Tenn., 362 S.W.2d 217, 218:

"Whether Stewart v. Craig [208 Tenn. 212, 344 S.W.2d 761] is, or not, applicable here, it is at least a step away from that very unjust enrichment rule of no contribution between joint tortfeasors.

"Tennessee is the only State in the Union now adhering to the aforesaid rule. Perhaps this is because of this Court's very sound adherence to precedent and thinks, therefore, that the Legislature should make the change." [sic]

The statement that Tennessee is the one and only state now adhering to the rule against contribution between tortfeasors is believed to be inaccurate in two respects.

In the first place, most authorities state that only a few states do allow such contribution. Prosser, Torts, sec. 46 at p. 249; Wade, Restitution—1954 Tennessee Survey, 7 Vand.L.Rev. 941, 948; Annot., 60 A.L.R.2d 1366.

More important, this Court remains of the opinion, as in the Huggins case, and as stated in Mr. Justice Tomlinson's own dissent in Davis v. Broad Street Garage, that the majority opinion in the Davis case "reverses in fact the general rule inhibiting contribution among joint tortfeasors * * *."

that his wife could not sue him directly for a personal tort under the law of Tennessee, and that, likewise under the law of Tennessee, one cannot "do indirectly what a party could not do directly."

█ It is true that Tennessee law recognizes the common law marital immunity which ordinarily precludes tort actions between husband and wife for personal injuries. Prince v. Prince, 205 Tenn., 451, 454, 326 S.W.2d 908, 909. It is true also that cases may be found which state in substance that, with regard to domestic immunities, one cannot do indirectly that which cannot be done directly. See, e. g., Mahaffey v. Mahaffey, 15 Tenn.App. 570; Raines v. Mercer, 165 Tenn. 415, 55 S.W.2d 263; Jenkins v. General Cab Co. of Nashville, Inc., 175 Tenn. 409, 135 S.W.2d 448; Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571; Ownby v. Kleyhammer, 194 Tenn. 109, 250 S.W. 2d 37. Cf. Fagg v. Benton Motor Co., 193 Tenn. 562, 246 S.W.2d 978. But it is questionable whether the result sought by Mr. Chamberlain in the present case is required by, or should be granted upon the authority of so general a principle. As Benjamin Cardozo once stated in addressing himself to a somewhat similar problem:

> "No doubt one can gather pronouncements from treatise or decision which, taken from their setting, give color of support for an exemption even wider. They have no such effect when related to context and occasion. Few formulas are meant to serve as universals. A progeny deformed or vicious may be known as illegitimate. Here as elsewhere we are to be on our guard against the perils that are latent in 'a jurisprudence of conceptions.'" Schubert v. August Schubert Wagon Co., 249 N. Y. 253, 164 N.E. 42, 64 A.L.R. 293.

What is required, then, is that the principle relied upon by Mr. Chamberlain be related to context and occasion by close scrutiny of the cases cited in its support.

The case upon which Mr. Chamberlain places his principal reliance is Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571. That case involved a suit on behalf of an unemancipated minor child against the employer of the child's father for a personal injury negligently inflicted upon the child by the father-employee within the scope of his employment. It appeared that the employer had negligently contributed to the accident, and that he was a joint tortfeasor with the father-employee. The Court stated that the child could not recover from his father's joint tortfeasor because the latter, if held liable, might eventually seek contribution from the father-employee, and thus effectively circumvent the father's immunity from liability to his unemancipated minor child.

The Graham case may be said to support the general proposition that one cannot do indirectly that which cannot be done directly. It does not, however, support the position taken by Mr. Chamberlain in the present case. Mr. Chamberlain contends that the McClearys' third-party suit should be barred, lest the McClearys recover over from him for any liability adjudged against them in favor of Mrs. Chamberlain. But the Graham case involved no denial of such a recovery over. Upon the contrary, the Graham case expressly stated that a recovery over would indeed be available in such a situation, and made this statement a basis of its holding that the suit of the original plaintiff should be barred. In other words, applying the rationale of the Graham case to the present case would bar not the third-party suit by the McClearys against Mr. Chamberlain, but rather the original suit by Mrs. Chamberlain against the McClearys, assuming of course that the accident was caused by concurring negligence on the part of Mrs. McCleary and Mr. Chamberlain.

It is believed, however, that the rule of the Graham case fortunately no longer represents the law of Tennessee. As between an innocent and injured plaintiff and the party causing the injury by culpable conduct, that rule favored the latter

by extending to him the purely personal domestic immunity of his co-tortfeasor. Significantly, the trend of the law today is toward limiting domestic immunities, rather than toward expanding them. Prosser, Torts, sec. 101; Harper & James, Torts, 643 *et seq.* This trend is clearly discernible in Tennessee. See Glover v. Glover, 44 Tenn.App. 712, 319 S.W.2d 238; Brown v. Selby, 206 Tenn. 71, 332 S.W.2d 166; Herrell v. Haney, 207 Tenn. 532, 341 S.W.2d 574; Logan v. Reaves, 209 Tenn. 631, 354 S.W.2d 789. But see Gordon v. Pollard, 207 Tenn. 45, 336 S.W. 2d 25. In addition, a more reasonable and equitable solution to the problem presented in the Graham case appears to have become appropriate in Tennessee. As stated in Note, 27 Tenn.L.Rev. 422, 427:

> "A more just solution of this problem would be to allow the plaintiff to recover against the defendant, and bar the latter's right to contribution. Otherwise the plaintiff is left without a remedy, while the defendant is relieved of liability though * * * he has been actually negligent. The solution here advocated could easily have been reached if the court had applied the almost uniform rule that there can be no contribution between joint tortfeasors unless there exists a common liability between them. As this rule apparently has been followed in Tennessee in other cases,

the Graham rationale does not appear to be based upon a firm foundation."

The cases applying the rule against contribution in the absence of a common liability were decided after the Graham case. Vaughn v. Gill, Tenn., 264 S.W.2d 805; Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355. See also United States Casualty Co. v. Standard Acc. Ins. Co., 175 Tenn. 559, 136 S.W.2d 504, 126 A.L.R. 876.[2] The principle of these cases is squarely in accord with the specific rule elsewhere that contribution is not available between tortfeasors when there is no common liability between them because one of the tortfeasors is the beneficiary of a domestic immunity. See Annot., 19 A.L.R.2d 1003; 1 Harper & James, Torts, 718; 13 Am. Jur., Contribution, secs. 51 and 52. For these reasons the Court is of the opinion that the basis for the decision in the Graham case—the assumed potential availability of contribution against a party immune from liability to the original plaintiff—no longer exists, and that if a domestic immunity is to be protected in this situation, the proper method is by allowing the original suit but denying the defendant the right to contribution against the immune party.

The Court's conclusion in this regard is not altered by the fact that the Graham case was cited with apparent approval in the recent case of Morris v. State Farm

---

2. Some confusion has arisen from the Vaughn case as to the nature of the "common liability" required as a prerequisite to contribution between tortfeasors. For example, that case intimated that there can be no contribution between tortfeasors unless a *judgment* has been obtained against both or all of them by the injured plaintiff. This suggestion has been criticized (Wade, Restitution—1954 Tennessee Survey, 7 Vand.L.Rev. 941, 948–50; Sturdivant, Joint Tortfeasors in Tennessee and the New Third-Party Statute, 9 Vand.L.Rev. 69, 75), and has been rejected by this Court. Huggins v. Graves, D.C., 210 F.Supp. 98, 104.

The Vaughn case, to the extent that it may require a common liability, as distinguished from a common judgment, does appear, however, to have followed the general principle requiring a common liability between tortfeasors as a condition precedent to any contribution between them, and this principle appears to be sound. As stated in 13 Am.Jur., Contribution, sec. 51:

"In order for a right of contribution to accrue between tort-feasors, they must be co-tortfeasors or joint wrongdoers in the sense that their tort, or torts, imposed a common liability upon them to the party injured. A person compelled to discharge a liability for a tort cannot recover contribution from another whose participation in the tort gave the injured party no cause of action against him."

Mutual Automobile Insurance Company, Tenn.App., 360 S.W.2d 776.

The factual situation from which the Morris litigation arose was somewhat similar to that from which the present case arose. Mrs. Morris was riding as a passenger in an automobile driven by her husband, and was injured in a collision with a bus in Arkansas. She sued the bus company in federal court for her personal injuries, and the bus company filed a third-party suit against Mr. Morris, seeking exoneration or contribution for joint negligence, under Arkansas statutes providing for the same. Mr. Morris called upon his insurer to defend the third-party suit, but the insurer declined to defend. Mr. Morris thereupon employed his own counsel, and was eventually successful when the bus company dismissed the third-party suit upon settling the claim of Mrs. Morris.

Subsequently, Mr. Morris brought suit in a Tennessee state court, seeking to recover from his insurer the costs of defending the third-party suit in federal court. The trial court denied recovery, and Mr. Morris appealed. The Court of Appeals affirmed the trial court.

It would appear that the decision to affirm was correct. As stated by the Court:

"It is admitted that the policy does not cover injuries sustained by the insured, Mr. Thomas Ray Morris, nor by his wife who instituted the original suit against Greyhound Corporation."

Moreover, the provision of the policy defining the insurer's obligation to defendant merely required the insurer

"To defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *."

Even if the third-party suit might be said to have been a suit for "damages," it was not a suit alleging "such bodily harm" within the foregoing language, because injury to Mrs. Morris was excluded from coverage by the policy.

However, the Court of Appeals did not base its affirmance upon the foregoing considerations. The Court stated that "We concur in the finding of the Chancellor that in effect the [third-party] action by the Greyhound Corporation served only to make the complainant [Mr. Morris] a co-defendant in the suit brought by his wife for personal injuries." The Court then stated that the case was governed by Raines v. Mercer, 165 Tenn. 415, 55 S.W.2d 263 and Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571, quoted at length from these cases, and affirmed the trial court without further explanation or discussion. Apparently the Court concluded that Mr. Morris could in no event have been liable in the third-party suit for contribution, either (1) because that third-party suit was barred under the Raines and Graham cases; or (2) because the original suit of Mrs. Morris was itself barred under those cases, so that there could have been no basis for the third-party suit.

The case is an enigma, based, whatever its ultimate conclusion, upon obscure and dubious assumptions.

For one thing, the statement that the effect of the third-party suit in federal court was to make Mr. Morris a co-defendant in the suit by Mrs. Morris is clearly incorrect. Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A.

Further, the Court did not explain its action in applying the law of Tennessee to determine the liability of Mr. Morris. The accident had occurred in Arkansas, and under fundamental principles the law of Arkansas would govern liability arising from the accident. 11 Am.Jur., Conflict of Laws, sec. 182; Sullivan v. Farnsworth, 132 Tenn. 691, 179 S.W. 317. Indeed, the Court acknowledged this fact at the beginning of the opinion, referring to the Arkansas statutes authorizing contribution between tortfeasors, and observing that

"As stated by the Chancellor it seems to be the law of Arkansas that a

wife may prosecute an action in tort against her husband. Leach v. Leach, 227 Ark. 599, 300 S.W. 15."

Further still, the Court did not explain its action in determining the insurer's duty to defend by passing upon the substantive liability of Mr. Morris. The policy in question expressly obligated the insurer to defend even "groundless" suits. The issue, therefore, would seem to have concerned the insurer's coverage, not the liability of Mr. Morris.

■ In any event, the Court's holding is ambiguous. As indicated above, it appears that the Court concluded that Mr. Morris could not have been liable in the third-party suit for contribution either because that third-party suit was barred, or because the original suit of Mrs. Morris was barred. If the decision was based upon the first of these possible holdings, the Morris case is in substantial accord with the holding of the present case. If the decision was based upon the second possible holding, the Morris case is opposed to the holding in the present case. It cannot be determined which of these alternatives the Court may have followed. In view of this fact, and in view of the fact that other cases seem to have destroyed the basis for the Graham decision, this Court will resolve all doubts or ambiguities against any supposition that the Morris case may have revitalized the reasoning of the Graham case. The Court remains of the opinion that in cases where one of two tortfeasors is the beneficiary of a domestic immunity as regards the plaintiff, such immunity is to be protected, if at all, by denying the right to contribution from the immune party, rather than by denying the plaintiff a right of action against the non-immune tortfeasor.

A question remains as to whether this same solution is properly applicable to any recovery over by way of indemnity based upon active and passive negligence.[3] The Court is of the opinion that it is, and that no contrary result is compelled by the other cases cited for the general proposition that one cannot do indirectly that which cannot be done directly. Mahaffey v. Mahaffey, 15 Tenn. App. 570; Raines v. Mercer, 165 Tenn. 415, 55 S.W.2d 263; Jenkins v. General Cab Co. of Nashville, Inc., 175 Tenn. 409, 135 S.W.2d 448; Ownby v. Kleyhammer, 194 Tenn. 109, 250 S.W.2d 37. Cf. Fagg v. Benton Motor Co., 193 Tenn. 562, 246 S.W.2d 978. These cases hold merely that, under the doctrine of respondeat superior, a master is not liable for the negligence of his servant unless the servant is liable therefor, and that when the servant is protected from liability by a domestic immunity, the master is likewise protected.[4] Obviously, this rule has no bearing upon the factual situation presently before the Court.

In the Mahaffey and Ownby cases, however, it was further stated that an additional reason for denying any recovery against the master was to prevent the possible circumvention of the servant's immunity by a suit for indemnity which

3. While it seems to this Court that the Tennessee cases, in getting away from the contractual basis, express or implied, for allowing indemnity, and creating a right of indemnity in a tort case based upon "active vs. passive" negligence, which terms are nebulous and uncertain at best, may be subject to valid criticism, nevertheless the right to seek indemnity as between joint tortfeasors under the "active-passive" negligence rule seems to be recognized in the case of Cohen v. Noel, (1933) 165 Tenn. 600, 56 S.W.2d 744. The confusion of contribution with indemnity that appears to have arisen in the Tennessee case law, together with further comments of this Court on the "active vs. passive" negligence rule as a basis for indemnity are set forth in Footnote No. 2 in the case of Huggins v. Graves, D.C., 210 F.Supp. 98. Whether contribution is on a pro rata or comparative negligence basis does not appear to have been ruled on in Tennessee. Should it be based upon comparative negligence, it would appear to eliminate any reason for indemnity in a joint tortfeasor situation.

4. The Graham case made this same holding, but was required to make the further holding discussed above because it appeared that the master in that case had himself been guilty of negligence contributing to the accident in question.

the master might bring against the servant if held liable to the party injured by the servant. In these cases, then, by analogy, the rationale of the Graham case rears its head once more. The question is whether the reasoning of these cases is applicable to the present case. The Court is of the opinion that it is not.

It is to be observed, of course, that the Mahaffey and Ownby cases, like the Graham case, do not support Mr. Chamberlain's position that the McClearys' third-party suit should be barred, lest the McClearys recover over from him for any liability adjudged against them in favor of Mrs. Chamberlain. These cases involved no denial of such a recovery over, but, upon the contrary, expressly stated that a recovery over would be available in the situations there presented, and that for this reason the suit of the original plaintiff should be barred. Applied to the present case this reasoning, like that of the Graham case, would bar not the third-party suit by the McClearys against Mr. Chamberlain, but rather the original suit by Mrs. Chamberlain against the McClearys.

While the Court is unable to say that the reasoning of the Mahaffey and Ownby cases has been undercut by subsequent developments in the law of Tennessee, it is believed nevertheless that there is ample justification for declining to apply this reasoning to the present case, and for applying instead the solution suggested above, of allowing the suit by the original plaintiff, but denying the third-party suit for indemnity.

For one thing, the reasoning of the Mahaffey and Ownby cases is subject to much the same criticism as that stated above against the Graham case, because it includes the master within the purely personal immunity of the family and leaves the innocent and injured plaintiff without a remedy, in derogation of the trend of the law in Tennessee and elsewhere toward limiting rather than expanding domestic immunities. Similarly, that reasoning misses the point that "if protection of the servant is still the sine qua non, it may be accomplished merely by denying the indemnity." Prosser, Torts, sec. 101 at p. 679.

Further, the reasoning in question was superfluous and unnecessary to the decision in the Mahaffey and Ownby cases. All that was required to reach the decision in those cases was to apply the rule that a master is not liable for the negligence of his servant when a domestic immunity protects the servant from liability therefor. Whatever the wisdom of this rule, it appears to be well-established as the law of Tennessee, and was sufficient alone to decide the Mahaffey and Ownby cases.

Finally, it is significant that the indemnity contemplated by the Mahaffey and Ownby cases is indemnity based upon the contractual relationship between master and servant. See Restatement, Restitution, sec. 96; Restatement, Agency 2d, sec. 401(d); Prosser, Torts, sec. 101 at p. 678. Accordingly, these cases are not controlling authority in situations where independent negligence rather than respondeat superior is the basis for imposing liability upon a non-immune party, and where indemnity is available to such party, if at all, only upon the basis of active and passive negligence. Indemnity of this kind is akin to contribution between tortfeasors, and should be governed in this regard by the principles applied to contribution. See Huggins v. Graves, D.C., 210 F.Supp. 98, ftn. 2. In other words, the Court is not disposed to apply the superfluous reasoning of the Mahaffey and Ownby cases to the present case by analogy, when the same would be applicable here *only* by analogy, and when it is subject to such objections as those listed above.

Accordingly, the Court holds that where one of two alleged tortfeasors is the beneficiary of a domestic immunity as regards a party injured by their tort or torts and therefore not under a common liability to the injured party, the injured party should be permitted to maintain an action against the non-immune tort feasors, with the immunity of the other tortfeasors being protected, if at all, by deny-

**598**

ing the non-immune tortfeasor the right to contribution or to indemnity based upon active and passive negligence.

In the present case, therefore, Mrs. Chamberlain will be permitted to maintain her suit against the McClearys, although the McClearys contend that Mr. Chamberlain and Mrs. McCleary were joint tortfeasors, and that Mr. Chamberlain was guilty of active negligence while Mrs. McCleary was guilty of only passive negligence, if any. On the other hand, the McClearys will not be permitted to maintain their third-party suit for contribution or indemnity against Mr. Chamberlain, who is not under a common liability to the injured party because of the marital immunity, and Mr. Chamberlain's motion to vacate the order permitting the filing of such third-party suit, and to dismiss the same, will be granted.