Peter PAUL, as Father and Next of Kin of Arthur Stuart Paul, Deceased, and Lillian Florence Paul, as Mother and Next of Kin of Arthur Stuart Paul, Deceased, and as Administratrix of the Estate of Arthur Stuart Paul, Deceased, Plaintiffs,

v.

James M. MILBURN, Individually, and as Administrator of the Estate of Betty Sue Morris, Deceased, Defendant.

Civ. A. No. C–67–34.

United States District Court
W. D. Tennessee, W. D.

Oct. 27, 1967.

James W. McDonnell, Jr., Robert M. Johnson, Canada, Russell & Turner, Memphis, Tenn., for plaintiffs.

James D. Causey, Memphis, Tenn., for defendant.

## OPINION AND ORDER GRANTING MOTION OF DEFENDANT MILBURN TO STRIKE CLAIM FOR PUNITIVE DAMAGES

BAILEY BROWN, Chief Judge.

This is a diversity action to which Tennessee law applies.

This action grows out of an accident involving an automobile driven by Arthur Stuart Paul and an automobile driven by Betty Sue Morris. Both drivers were killed in the accident. The next-of-kin of Paul filed this wrongful death action against the Estate of Betty Sue Morris and James N. Milburn, the owner of the automobile driven by her. The only theory of liability asserted against Milburn, it is conceded by plaintiffs, is vicarious liability. Plaintiffs sue the Estate and Milburn for both compensatory and punitive damages.

We have heretofore denied a motion of Milburn for summary judgment in which he contended that there could be no vicarious liability. We have heretofore granted a motion to strike the claim for punitive damages against the Estate; plaintiffs conceded that this motion was good since an estate cannot be liable in tort for punitive damages. Hayes v. Gill, 216 Tenn. 39, 390 S.W.2d 213 (1965). We now have before us a motion of Milburn to strike the punitive damage claim against him on the asserted ground that, as a matter of law, there can be no *vicarious* liability for punitive damages or in any event that there can be no vicarious liability for punitive damages *in the circumstances present here.*

The first question, of course, is whether one who has only vicarious tort responsibility can ever be liable for punitive damages. It appears that in a majority of jurisdictions it is held that he can be. Prosser on Torts (3rd) § 2, p. 12. The Restatements provide otherwise with one small exception not applicable here. Restatement, Agency (2d), Sec. 217 C; Restatement, Torts, § 909. The law of Tennessee is not clear as to when there may be vicarious liability for puni-

tive damages. In 27 Tenn.L.Rev. 381, in an article styled "Punitive Damages in Tennessee," the author concludes (p. 384) that the true rule is that punitive damages may not be had against one only vicariously liable except in three categorized situations: (1) where the master is under a contract-imposed duty or law-imposed duty (i. e. non-delegable duty) that the one to whom the duty is owed not be harmed, such as in a common carried-passenger relation (which, we submit, is not an instance of *vicarious* liability); (2) where the nature of the employment is such that the master must contemplate the use of force, as where watchmen are charged with keeping trespassers off of the master's premises; (3) where the master entrusts the servant with a dangerous instrumentality, such as a pistol. The author further concludes that the *dicta* in State ex rel Coffelt v. Hartford, etc., Co., 44 Tenn. App. 405, 314 S.W.2d 161 (1958), indicating that masters are generally liable for punitive damages if the servant is liable, is not supported by the Tennessee cases. There seems to be some confusion in the cases of two separate questions: (1) whether a master can be vicariously liable at all for intentional wrongs by a servant and (2) whether (which is our question) a master can be vicariously liable for punitive damages. Compare: Earley v. Roadway Express, Inc., 106 F.Supp. 958 (E.D.Tenn.1952) and Hyde v. Baggett Transp. Co., 236 F.Supp. 194 (E.D.Tenn.1964) and *Coffelt*, supra. Since the asserted liability of defendant Milburn is only vicarious liability and since the factual context here does not fit into any of the categories above outlined, we think it is highly doubtful, for this reason alone, that Milburn could be liable for punitive damages. However, we do not have to decide this question since we determine, for a separate reason, that Milburn cannot be vicariously liable for punitive damages.

As heretofore stated, the Estate of Morris cannot be liable for punitive damages, and we have heretofore granted the motion to strike such claim against the Estate. We conclude, by analogy with the holdings in the following cases, that since the Estate cannot be liable for punitive damages, Milburn cannot be vicariously liable for such damages.

In Raines v. Mercer, 165 Tenn. 415, 55 S.W.2d 263 (1932), Pauline Mercer was injured while a guest in an automobile driven by Bill Raines, which belonged to his father, J. W. Raines. Pauline sued the father for personal injuries, asserting that he was vicariously liable for the negligence of his son. Thereafter Pauline married Bill and the defense was made by the father that since Pauline, as the wife of Bill, could not assert a tort claim against him, she also could not assert such a claim based only on vicarious liability against the father. It should be noted here that Pauline originally did have a cause of action against Bill, which she lost when she married him. The Court held this to be a good defense, saying at p. 420, 55 S.W.2d at p. 264:

> "The doctrine of *respondeat superior* rests upon the doctrine that the wrong of the agent is the act of his employer. 18 R.C.L., 786; Goodman v. Wilson, 129 Tenn. 464, 166 S.W. 752, 51 L.R.A., (N.S.) 1116.
>
> "If the agent, the immediate actor, cannot be charged with liability for the tort, the principal, the remote actor, who had no immediate part in the tortious transaction, cannot be held responsible, for, as held in Loveman Co. v. Bayless, 128 Tenn. 317, 160 S.W. 841, if the remote actor had no other direct relation to the wrong or injury, but is liable only because of the doctrine of *respondeat superior*, he does not occupy the position of a wrongdoer."

In Mahaffey v. Mahaffey, 15 Tenn. App. 570 (1932), a minor sued his father and his father's partner, asserting that his father negligently injured him while acting within the scope of partnership business. The Court held that the minor could not maintain a tort claim against his father and further held that, since the father could not be liable, the partner could not be vicariously liable. As

another reason for the decision, the Court pointed out that if the partner were held to be liable, he would have a claim for indemnity against the father, which would circumvent the rule that a minor cannot maintain a tort claim against a parent. See also Ownby v. Kleyhammer, 194 Tenn. 109, 250 S.W.2d 37 (1952).

In Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571 (1945), a minor was killed by a truck operated by his father. A wrongful death action was brought against the employer of the father, asserting vicarious liability and also asserting that the employer was guilty of negligence in sending out a truck with a mechanical defect. The Court held that the wrongful death action could not have been maintained against the father and that therefore the employer could not be vicariously liable. It further held that the employer could not be liable for its own negligence because such negligence would be passive and the father's negligence active, which would allow the employer to have indemnity from the father; thus to allow the claim would circumvent the rule that no tort action could be maintained directly against the father.

Plaintiffs rely on Southeastern Aviation, Inc. v. Hurd, 209 Tenn. 639, 355 S.W.2d 436 (1962). These were wrongful death actions resulting from an aircraft crash in which the crew and all passengers were killed. There was proof of negligence on the part of the pilot in taking off when he knew the direction finder was not operating properly and in the manner of operation of the airplane, and there was proof of negligence in failing to have installed aboard the airplane two direction finders. Both compensatory and punitive damages were awarded in the trial court. This case, however, is not authority for the proposition that a master may be vicariously liable for punitive damages where the responsible servant is dead. In the first place, there was evidence of negligence of servants of the defendant corporation other than the negligence of the dead pilot. In the sec-

ond place, the court, on appeal, held that there was simply no evidence of such negligence as would support an award of punitive damages; the Court never considered or discussed in its opinion the question involved here. In the third place, the defendant airline had by contract with the passengers a non-delegable duty to them. See also, in the foregoing connection, Jenkins v. General Cab Co., 175 Tenn. 409, 135 S.W.2d 448 (1940).

It is therefore ordered that the motion of defendant Milburn to strike the claim for punitive damages against him is sustained.